SUKI, AGENT, APPELLEE, *v.* BLUME, APPELLANT.

(No. 44645—Decided March 31, 1983.)

*Mr. Arthur R. Weinberg,* for appellee.
*Mr. William J. Shields,* for appellant.

CORRIGAN, J. The appellant, Sherry Blume, appeals from the default judgment entered against her.

On June 12, 1981, the appellee, Gary Suki, agent for Paula Suki, filed an action in forcible entry and detainer and for recovery of money. When the appellant moved from the appellee's property, the

forcible entry and detainer part of the action was dropped. The trial court then dismissed the remaining complaint because it failed to name the proper parties. The appellee filed a motion to vacate the judgment and for a trial on the recovery of money issue, which was granted. On September 3, 1981, the appellant then filed a motion for leave to answer. The trial court granted the motion. The extension was allowed to September 16, 1981, but the appellant failed to meet the new deadline. The appellee moved for a default judgment on September 28, 1981 on the ground that the appellant had not timely filed her answer. On the very same day, however, the appellant had filed her answer, jury demand and counterclaim, clearly before the trial court could have considered the default motion. The default judgment was granted on October 7, 1981 without any further notice to the appellant.

In this appeal the appellant raises the following assignment of error:

"Now comes the defendant-appellant and says that the court erred in granting judgment for the plaintiff when the issue had been made up and a jury demand had been made and no notice of hearing nor trial was had on the issue."

I

In this assignment the appellant asserts that the default judgment was improperly granted. This assignment has merit.

Civ. R. 55(A) deals with default judgments and provides:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. *If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." (Emphasis added.)

Generally the law disfavors default judgments and Civ. R. 55(A) specifically sets forth that default judgments not be granted without notice to the party who has entered an appearance. In the instant case the appellant clearly had not only entered an appearance by requesting and receiving an extension of time to answer, but actually had filed, although out of rule, an answer, a jury demand and a counterclaim. The journal entry of the trial court noted that the answer had been filed "beyond the rule date set by the court." Without any notice of any kind to the appellant the court "having heard the argument of [appellee's] counsel and being fully advised" entered the default judgment.

A defendant to an action is in default when he fails to plead within the time allowed by law for that purpose, and although he may not plead as of right after rule day, or after the expiration of an extension of time, still a pleading so filed should not be simply ignored by the entry of a default judgment. *McCabe* v. *Tom* (1929), 35 Ohio App. 73. Where a party pleads before a default is entered, though out of time and without leave, if the answer is good in form and substance, a default should not be entered as long as the answer stands as part of the record. The proper practice under the circum-

stances calls for a motion to strike the pleading from the files.

While the late filing of the answer and counterclaim could deny the appellant the right to proceed on his pleadings, it did not deprive the trial court of its jurisdiction to render the default judgment. However, both the spirit and the letter of Civ. R. 55(A) required that the appellant be given notice of the default judgment hearing either directly by the court or by the setting of a hearing date on the docket. The appellant's participation would be limited at such a hearing, but fundamental fairness would seem to demand that the appellant having certainly entered an appearance in the case was entitled to have notice and be present at the hearing on the appellee's motion for default judgment.

Judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed.*

PATTON, C.J., and JACKSON, J., concur.