BROOKS ET AL., APPELLANTS, *v.* FAIR, APPELLEE.

(No. 15-86-15—Decided June 29, 1988.)

*Rizor, Minnard & Rizor Co., L.P.A.,* and *Lawrence R. Minnard,* for appellants.

*Charles F. Koch,* for appellee.

*C. Allan Runser,* guardian ad litem.

EVANS, J. This is an appeal by appellant, Maxine E. Brooks (previously "Maxine E. Fair"), from a judgment by the Juvenile Division, Court of Common Pleas of Van Wert County, wherein the court dismissed appellant's complaint against appellee.

On May 11, 1968, Maxine Brooks ("Maxine") and Kenneth Fair ("Ken-

neth") were married. During the marriage, a physician determined that Kenneth was unable to father a child. Maxine became impregnated by artificial insemination, and gave birth to a daughter, Amanda Ann Fair, on June 24, 1975. With Kenneth's consent, the child's birth certificate identified Kenneth as her natural father. Thereafter, Kenneth nurtured Amanda and held her out to the world as his own child.

On April 16, 1981, Maxine and Kenneth filed a petition for dissolution of marriage which was granted by the court on May 29, 1981. The parties acknowledged that Amanda was an issue of the marriage, and Kenneth was ordered by the court to pay child support for Amanda in the amount of $36.00 per week. The record indicates that Kenneth has continuously satisfied this obligation. The court also granted Kenneth visitation rights with Amanda. However, after a period of time Maxine refused to honor the court's order and denied Kenneth the visitation that had been ordered by the court. As a result, Kenneth filed several motions asking the court to find Maxine in contempt. On March 19, 1985, the court did hold Maxine in contempt and sentenced her to ten days in jail and fined her $500. The sentence was suspended on the condition that Maxine agree to comply with the court's visitation schedule.

On September 30, 1985, in a further effort to keep Kenneth from visiting with his daughter, Maxine filed a complaint with the Juvenile Division of the Court of Common Pleas of Van Wert County on behalf of herself and Amanda, alleging that Kenneth was not the biological father of Amanda, and asked the court to determine the nonexistence of the parent and child relationship pursuant to R.C. 3111.17. The court appointed a guardian ad litem for Amanda.

On October 17, 1985, Kenneth filed an answer generally denying the allegations in the complaint. On December 3, 1985, he filed a motion to dismiss, arguing the following:

"1. The plaintiff is barred from litigating the issue of parentage of Amanda Ann Fair by the doctrine of res judicata (collateral).

"2. The plaintiff contracted with the defendant to produce Amanda Ann Fair as an issue of the marriage. The contract having been discharged, the plaintiff's complaint fails to state a claim upon which relief may be granted.

"3. The uniform parentage act as adopted by the general assembly does not provide for the retroactive application of Ohio Revised Code Section 3111.04 to actions commenced to determine the nonexistence of the father and child relationship. The applicable law in effect at the time that Amanda Ann Fair was born did not authorize a cause of action to determine the nonexistence of the Father-Child relationship.

"4. The defendant is the legal father of Amanda Ann Fair by virtue of the doctrine of equitable adoption.

"5. The courts have held that when a child was conceived through heterologous artificial insemination, the child has no 'natural father.' However, where such artificial insemination was done with the husband's consent, such child is legitimate, and the husband has been held to be the lawful father."

On December 4, 1985, Maxine amended her complaint and asked the court to determine the nonexistence of the parent and child relationship pursuant to R.C. 3111.04. On December 27, 1985, Kenneth filed a motion for leave of court to amend his answer. He contended that due to the complex nature of the case he had been unable to prepare and present the affirmative defenses in his original answer that he

had asserted in his motion to dismiss. The court granted leave and on January 27, 1986, Kenneth filed an amended answer asserting the affirmative defenses he had argued in his motion to dismiss. Maxine filed a motion for default judgment on January 8, 1986. On January 21, 1986, the court overruled Maxine's motion for default judgment, and on May 2, 1986, granted Kenneth's motion to dismiss. It is this decision that Maxine appeals.

Appellant has asserted three assignments of error. The first is as follows:

"That the trial court abused its discretion and committed prejudicial error in overruling appellant's motion for default judgment."

Civ. R. 15(A) states as follows:

"Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

Maxine is correct in her assertion that the trial court erred when it stated in its journal entry that Kenneth had asked the court for leave to amend his answer within the fourteen-day time period required in Civ. R. 15(A). Actually, he filed his motion twenty-three days after Maxine's amended complaint was filed. However, the trial court did not overrule Maxine's motion for default judgment simply because it believed that Kenneth had filed his motion in a timely fashion. The court also held:

"Further the Court finds that the matter of 'nonpaternity' of a child should not be decided by default since the interest of the child is also to be protected by this Court."

In *Suki* v. *Blume* (1983), 9 Ohio App. 3d 289, 290, 9 OBR 536, 537, 459 N.E. 2d 1311, 1313, the court explained that the law generally disfavors default judgments:

"Where a party pleads before a default is entered, though out of time and without leave, if the answer is good in form and substance, a default should not be entered as long as the answer stands as part of the record."

Kenneth had moved the court for leave to file an amended answer prior to any default judgment being entered against him. In fact, appellant's motion for default judgment had not even been filed when Kenneth filed his motion for leave to amend. The amended answer was good as to form and substance, and under the authority of *Suki, supra,* a default should not have been entered.

Further, Civ. R. 15(A) permits a court to allow a party to file a pleading out of time when the court believes that justice will be best served by allowing the late filing. In the case at bar, the trial court recognized that Amanda's interests were also at stake and that the court had a duty to see that the child's rights were protected. The court found that Amanda's interests would be served only if Kenneth were allowed to file his amended answer. We do not believe that the court's granting permission to Kenneth to file out of time resulted in any prejudice to Maxine; thus, we find that the court committed no error in overruling Maxine's motion for default

judgment. See *Spies* v. *Gibson* (1982), 8 Ohio App. 3d 213, 8 OBR 285, 456 N.E. 2d 1284. Appellant's first assignment of error is overruled.

For her second assignment of error appellant has asserted:

"The trial court abused its discretion and committed prejudicial error in permitting appellee to file an amended answer which included affirmative defenses the appellee waived by operation of law and should have therefore stricken the motion to dismiss as requested by appellee."

Appellant argues that because Kenneth failed to assert any affirmative defenses in his original answer he waived the right to raise them at a later date. The court in *Graines* v. *Fleeter* (1985), 30 Ohio App. 3d 207, 212, 30 OBR 363, 368-369, 507 N.E. 2d 376, 382, held as follows:

"Under the Ohio Rules of Civil Procedure, the failure to raise an affirmative defense by way of an answer is not fatal if the defendant amends his pleading or if the issue is tried at court."

Kenneth filed an amended answer on January 27, 1986, in which he asserted the following affirmative defenses:

"1. The Plaintiffs are barred from litigating the issue of parentage of AMANDA ANN FAIR by the doctrine of Res Judicata, since the Court of Common Pleas of Van Wert County, Ohio, in an action for dissolution of marriage filed by MAXINE E. (FAIR) BROOKS and KENNETH E. FAIR, case number DR 81-4-00059, ruled that AMANDA ANN FAIR was the issue of the marriage of MAXINE E. (FAIR) BROOKS and KENNETH E. FAIR.

"2. Plaintiff, MAXINE E. (FAIR) BROOKS, and the Defendant, KENNETH E. FAIR, having entered into a contract to produce AMANDA ANN FAIR as an issue of the marriage, and the contract having been fully performed and discharged, the Plaintiffs' Amended Complaint failed to state a claim upon which relief may be granted.

"3. The Plaintiff's Amended Complaint to establish the non-existence of the father-child relationship was filed pursuant to Ohio Revised Code section 3111.04, which was enacted into law on June 29, 1982. Ohio Revised Code section 3111.04 was not given retroactive application. AMANDA ANN FAIR was born on July 24, 1975, which was prior to the effective date of the law. Since the present cause of action was not authorized prior to the effective date of ORC 3111.04, the Amended Complaint fails to state a claim upon which relief may be granted.

"4. The Plaintiff, MAXINE E. (FAIR) BROOKS and the Defendant agreed to produce an issue of the marriage by way of a third-party artificial insemination of the said Plaintiff. The parties having treated AMANDA ANN FAIR as their child as if conceived by natural means, the Defendant is at least the adoptive father of AMANDA ANN FAIR, if not the legal father, by virtue of a consenual [*sic*] adoption or equitable adoption. Therefore, the Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted."

Maxine contends that even though Kenneth filed an amended answer that asserted the affirmative defenses the court should have disregarded those defenses because they were filed out of time. For the reasons previously discussed, the court did not err by granting Kenneth leave to amend his answer and, therefore, we find that he did plead the affirmative defenses as required by Civ. R. 12. Further, Civ. R. 15(C) states that defenses asserted in an amended pleading relate back to the date of the original pleading. Thus, the

court could consider the affirmative defenses pled by Kenneth in his amended answer when ruling on his motion to dismiss.

However, we must point out that the court did not rely on any of the affirmative defenses that Kenneth was permitted to plead in reaching its decision. The court ruled in favor of the appellee for the following reasons: (1) that R.C. 3111.04 did not have retroactive effect, and (2) that to find in favor of appellant would be against public policy. These are matters of law, not defenses, and were not required to be pled by appellee.

The court correctly recognized, and noted in its journal entry, that Kenneth's motion was improperly labeled a motion to dismiss when it was, in fact, a motion for summary judgment. The court allowed both parties to file affidavits in support of their motions and responses, and after reviewing all the evidence and legal arguments before it, correctly found that summary judgment should be granted in favor of appellee. Appellant's second assignment of error is not well-taken.

For her third assignment of error, appellant has asserted the following:

"The trial court abused its discretion and committed prejudicial error to the appellant in not applying Ohio Rev. Code. Sec. 3111.04 retroactively to her action to determine the nonexistence of the father-child relationship."

R.C. 3111.04(A), effective June 29, 1982, states as follows:

"An action to determine the existence or nonexistence of the father and child relationship may be brought by the child or child's personal representative, the child's mother or personal representative, a man alleged or alleging himself to be the child's father, or the alleged father's personal representative."

Maxine has argued that the trial court erred by not finding the foregoing statute to have retroactive effect. Appellant points to Section 3 of Am. Sub. H.B. No. 245[1] (139 Ohio Laws, Part I, 2192), which provides as follows:

"An action may be commenced pursuant to sections 3111.01 to 3111.19 of the Revised Code, as enacted by Section 1 of this act, to establish the father and child relationship, or the mother and child relationship, irrespective of whether a child is born prior to, or on or after, the effective date of this act."

We do not agree with appellant's interpretation. Retroactive application of a statute is not favored and before a statute will be given retroactive effect the court must find explicit language dictating such application. Section 3 of Am. Sub. H.B. No. 245 states that R.C. 3111.01 to 3111.19 may be applied retroactively to *establish* a father and child relationship. There is no mention that these statutes can be applied retroactively to prove the *nonexistence* of the father and child relationship. We believe that if the legislature had intended that R.C. 3111.01 to 3111.19 be applied retroactively to prove the nonexistence of the father and child relationship it would have explicitly allowed for such application. Therefore, we must find that the legislature did not intend for R.C. 3111.04 to be applied retroactively to determine the nonexistence of a father and child relationship.

However, even if we found that the statute had retroactive effect, we would not have reversed the ruling of the trial court. The journal entry granting Kenneth's motion to dismiss states two reasons for ruling in appellee's favor. First, the court found

---

[1] Am. Sub. H.B. No. 245 enacted R.C. 3111.01 to 3111.19 on June 29, 1982. See 139 Ohio Laws, Part I, 2170.

that R.C. 3111.04 did not have retroactive effect. Second, the court held that under these particular circumstances it would be against public policy for the court to find that Kenneth was not Amanda's natural father. We agree with the trial court that public policy dictates that Kenneth should remain the father of Amanda Ann.

This is an unusual case. In most situations the biological father of a child may be identified if the husband in a relationship is not the biological father. In this case the biological father could never be determined because he is an unknown third-party donor. If Maxine were allowed to prove the nonexistence of the father and child relationship between Amanda and Kenneth, Amanda, a child of legitimate birth, would become illegitimate, and since her biological father is unknown, she would never have the opportunity to be legitimized by him. It has never been the policy of this state to encourage the illegitimatization of children.

Further, this court could also place Amanda in the position of becoming a ward of the state. If Maxine were successful in her efforts to prove the nonexistence of the father and child relationship Kenneth would no longer be financially responsible for Amanda. Thereafter, if Amanda's mother was unable to support her, the responsibility would fall on the state. In *Johnson v. Adams* (1985), 18 Ohio St. 3d 48, 52, 18 OBR 83, 86, 479 N.E. 2d 866, 869, the court held:

"* * * [A] child should not be made a 'ward of the state' when some individual, other than the state, justifiably is responsible for that child's welfare."

This court agrees that Kenneth is the person justifiably responsible for Amanda's welfare.

Moreover, we do not believe that when Maxine became artificially inseminated she intended the relationship between Kenneth and Amanda to be temporary. She was aware that Kenneth's name was listed on Amanda's birth certificate as the child's natural father, and even in the dissolution proceedings claimed that Amanda was an issue of the marriage. Maxine accepted child support from Kenneth and allowed visitation for a period of time. We see no reason why this relationship of thirteen years should end simply because Maxine has remarried and has had a change of heart. Appellant's third assignment of error is overruled.

*Judgment affirmed.*

COLE and SHAW, JJ., concur.