DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Williams County Court of Common Pleas which granted a default judgment to appellee, Potomac Insurance Company of Illinois and General Accident Insurance Company of America ("Potomac"). Because we find that the trial court erred in granting a default judgment to Potomac, we reverse.
 {¶ 2} The facts giving rise to this appeal are as follows. On April 29, 2002, Potomac filed a complaint for declaratory judgment naming appellant, Bernice Zehr, administrator of the estate of Daniel Whitely, as defendant. On June 3, 2002, appellant filed a "motion to change venue, stay the proceedings or, in the alternative, dismiss plaintiffs' complaint." Potomac filed a brief in opposition. On September 3, 2002, the court denied appellant's "motion to change venue, stay the proceedings or, in the alternative, dismiss plaintiffs' complaint." On November 22, 2002, Potomac filed a motion for default judgment. The trial court granted a default judgment to Potomac three days later on November 25, 2002. Appellant now appeals setting forth the following assignments of error:
 {¶ 3} "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR DEFAULT JUDGMENT WITHOUT FIRST PROVIDING NOTICE OF HEARING TO DEFENDANT-APPELLANT AS REQUIRED BY CIVIL RULE 55(A).
 {¶ 4} "II. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO VACATE DEFAULT JUDGMENT."
 {¶ 5} Generally, the law disfavors default judgments. Suki v.Blume (1983), 9 Ohio App.3d 289. "Fairness and justice are best served when a court disposes of cases on the merits." DeHart v. Aetna Life Ins.Co. (1982), 69 Ohio St.2d 189. Pursuant to Civ.R. 55(A), "[i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Without the requisite notice and hearing under Civ.R. 55(A), a default judgment is void and shall be vacated upon appeal. AMCA Intern. Corp. v. Carlton
(1984), 10 Ohio St.3d 88.
 {¶ 6} Ohio courts, in construing the notice provisions of Civ.R. 55(A), have liberally interpreted the term "appeared." See, e.g., Bainesv. Harwood (1993), 87 Ohio App.3d 345, (a telephone call is sufficient to satisfy the appearance requirement of Civ.R. 55); Hardware SupplyCo. v. Edward Davidson, M.D., Inc. (1985), 23 Ohio App.3d 145, (filing of motion to file answer instanter or motion for extension to plead constitutes appearance); AMCA Internatl. Corp. v. Carlton, supra, (filing notice of appeal with the common pleas court pursuant to R.C. 4123.519
constitutes appearance); Suki v. Blume, supra, (filing untimely answer without leave of court constitutes an appearance).
 {¶ 7} The Tenth District Court of Appeals has held that: "[T]he filing of a motion for a change of venue constitutes an `appear[ance]' for purposes of Civ.R. 55(A)." BancOhio Natl. Bank v. Mager (1988),47 Ohio App.3d 97. In the interest of deciding cases upon the merits, we agree with the reasoning of the Tenth District and conclude that appellant's filing of a motion to change venue constituted an "appearance" for purposes of Civ.R. 55. Therefore, appellant was entitled to the notice and hearing required under Civ.R. 55(A). It follows that the default judgment rendered in this case is void. Appellant's first assignment of error is found well-taken. Appellant's second assignment of error is moot.
 {¶ 8} On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Williams County Common Pleas Court is reversed and remanded for proceedings not inconsistent with this decision. Costs assessed to appellee.
JUDGMENT REVERSED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., and Arlene Singer,J., concur.