OPINION
{¶ 1} Plaintiff-appellee, Citibank (South Dakota) NA ("Citibank"), filed a civil complaint for money damages against Kent E. Poling, defendant-appellant, in the Franklin County Municipal Court on January 9, 2004. Certified mail service on defendant failed and, after notification by the clerk of the municipal court, plaintiff requested ordinary mail service which was mailed on February 23, 2004.
 {¶ 2} On April 1, 2004, defendant filed and served a motion to dismiss the complaint. Also on April 1, 2004, plaintiff served a motion for default judgment which was filed with the court on April 5, 2004.
 {¶ 3} The trial court granted default judgment to plaintiff in the sum of $14,160.94, plus interest and court costs. Plaintiff also filed a brief in opposition to defendant's motion to dismiss on April 14, 2004. In the brief, there was no objection to the late filing of defendant's motion. Plaintiff requested that the motion be denied, and that the court allow the case to proceed on the merits.
 {¶ 4} On April 14, 2004, the trial court rendered default judgment apparently unaware of the motion to dismiss. On April 20, 2004, the trial court overruled the motion to dismiss.
 {¶ 5} Defendant appeals, asserting the following assignment of error:
The Trial Court erred when it entered default judgment against Defendant.
 {¶ 6} Civ. R. 55(A) which applies to default judgments provides, in pertinent part, as follows:
(A) Entry of judgment
When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *
 {¶ 7} In this case, defendant did not timely file his motion to dismiss the complaint in that the time for filing a motion or answer expired on March 24, 2004, and his motion was not filed and served until April 1, 2004. The proper procedure of defendant would have been to request an extension of time for good cause shown.
 {¶ 8} The first issue is whether defendant had appeared in the action to be entitled with a written notice of the application for judgment at least seven days prior to the hearing on such application.
 {¶ 9} In Suki v. Blume (1983), 9 Ohio App.3d 289, that question was answered in the affirmative. The Suki court held that a defendant who is in default for failure to answer, but who has filed an untimely answer without approval of the court, has entered an appearance sufficient to receive the required notice of the hearing date of the default judgment. Consequently, the default judgment was entered erroneously since defendant's motion to dismiss was filed with the court four days prior to the motion for default judgment being filed.
 {¶ 10} The remaining question is to what extent should defendant be allowed to participate in the action. It is noted that defendant was in default only seven days in an action that involved a judgment of over $14,000 plus interest on an alleged credit card debt. Since a trial on the merits is preferred over a default judgment, it seems highly unlikely that a court would not, in its discretion, grant a motion to hold the late-filed motion to be timely for purposes of defense and proceeding further with the case. It is further noted that neither the trial court nor plaintiff in the brief in opposition to the motion to dismiss raised the issue of late filing. The trial court's ruling on the motion came after the trial court had lost jurisdiction over the case due to a default judgment having been rendered. Upon remand, the trial court should once again rule on the merits of the motion to dismiss, following which the court should proceed in accordance with the civil rules with defendant being considered as not in default.
 {¶ 11} Defendant's assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
Bryant and Brown, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.