{¶ 33} I must respectfully dissent. I believe the trial court erred by entering default judgment against Rader, without holding a hearing or ensuring that Rader had notice pursuant to Civ.R. 55(A), after Rader had filed an answer.
 {¶ 34} Civ.R. 55(A) provides, in part:
 {¶ 35} "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 36} Civ.R. 7(B)(2) provides:
 {¶ 37} "To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."
 {¶ 38} Civ.R. 7 applies to motions for default judgment.[5] Local rules dictate whether a party is entitled to an oral or non-oral hearing.[6] Finally, courts have held that the trial court has discretion as to whether to conduct a formal hearing on a Civ.R. 55(A) motion for default judgment.[7] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[8]
 {¶ 39} Rader filed two motions for extensions of time in this matter. Therefore, he made an appearance for purposes of Civ.R. 55(A) and was entitled to notice.
 {¶ 40} The Local Rules of the Lake County Court of Common Pleas provide:
 {¶ 41} "All motions, including motions for summary judgment, may be considered upon the Motion papers alone twenty (20) days after the filing of same and without oral argument. Oral argument may be permitted upon application and proper showing."[9]
 {¶ 42} In addition to the local rules, in this matter, the trial court issued a pretrial order. Therein, the court ruled that "[m]otions for default judgment are set for non-oral hearing[.]"
 {¶ 43} Civ.R. 55(A) does "not require the requisite notice for a `non-oral hearing' as required for an oral hearing. `It is acceptable practice * * * for trial courts to dispose of motions without formal hearing, so long as due process rights are afforded.'"[10]
 {¶ 44} In this matter, pursuant to Loc.R. III(D)(6), the matter was set to be decided twenty days after Matthews' motion for default judgment was filed. In The Scarefactory, Inc. v. D B Imports, LTD., a similar local rule provided motions would be submitted to the trial court twenty-eight days after the motion was filed. The Tenth District held that such a rule can be sufficient notice of a non-oral hearing date for Civ.R. 55(A) purposes.[11] I disagree with this holding and believe the Tenth District correctly applied the law in a prior case, where the court held:
 {¶ 45} "The wisdom of scheduling an oral or non-oral hearing is graphically demonstrated in the instant case. Had a specific date beenscheduled when the motion for default judgment was filed, counsel-of-record would have been compelled to attend or would have been urged in the direction of obtaining substitute counsel for the hearing."[12]
 {¶ 46} Similarly, the Fifth District has held that a trial court errs when it rules on a motion for default judgment without a hearing, because the adverse party is not given the requisite seven-day notice.[13]
 {¶ 47} Civ.R. 55(A) requires the opposing party be "served with written notice." A provision in a local rule, setting a period in which a motion may be considered, is not "service by written notice." Also, it is important to note that Loc.R. III(D)(6) pertains to motions in general. It is not a substitute for the provisions of Civ.R. 55(A).
 {¶ 48} Due process requires "`notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[14]
For due process purposes, the additional burden of providing written notice is minimal, when compared to the potential harm of having a default judgment entered against a party.
 {¶ 49} In the case sub judice, there was no notice of a specific date for the hearing sent to Rader. Such notice would have provided him with a "drop-dead" date in which to respond to Matthews' motion.
 {¶ 50} I acknowledge that Loc.R. III(D)(6) provides that motions "may be" considered, through non-oral hearings, twenty days after they are filed. However, the record reveals that a "non-oral" hearing was not held twenty days after Matthews' motion for default judgment was filed. Matthews' motion was filed on March 14, 2003. According to Loc.R. III(D)(6), the non-oral hearing should have occurred twenty days later, on April 3, 2003. However, the trial court did not rule on the motion until May 14, 2003, coincidently, only hours after Rader filed his answer to the complaint. Did the "non-oral" hearing occur during these few hours between Rader filing his answer and the trial court's judgment? The fact that the trial court failed to adhere to the parameters of Loc.R. III(D)(6) prevents that same rule from being used against Rader.
 {¶ 51} Civ.R. 55(A) expressly provides that written notice is to be served on the opposing party. In this case, Rader did not receive any notice. As such, his due process rights were violated.
 {¶ 52} Moreover, I believe the trial court erred by granting Matthews' motion for default judgment. This court has held that "[g]enerally, the law disfavors default judgments."[15] In addition, "[t]he general policy in Ohio is to decide cases on their merits whenever possible."[16]
 {¶ 53} "A trial court cannot enter a default judgment against a party who has filed an answer."[17] In addition, "`[a] default judgment is proper when, and only when, a defendant has not contested the plaintiff's allegations by pleading or "otherwise defending" such that no issues are present in the case.'"[18]
 {¶ 54} In this matter, Rader filed an answer. However, the trial court deemed the answer a "nullity" and proceeded to enter default judgment against appellant. The trial court noted that Rader's answer was filed late and that he did not obtain leave of court to file the answer. However, the Eighth Appellate District has held "[w]here a party pleads before default is entered, though out of time and without leave, if the answer is good in form and substance, a default should not be entered as long as the answer stands as part of the record."[19]
 {¶ 55} At 9:11 a.m. on May 14, 2003, Rader filed his answer. At that point, Matthews' complaint was no longer uncontested. Thus, the trial court abused its discretion by entering a default judgment.
 {¶ 56} When the errors that occurred in this matter are examined together, the resulting prejudice is multiplied. Rader was not given notice of the hearing on Matthews' motion for default judgment. In fact, the question of whether a "non-oral" hearing was even held is subject to debate. Finally, Rader filed his answer, albeit late, to Matthews' complaint. Thereafter, the trial court immediately deemed the answer a nullity and granted Matthews' motion for default judgment.
 {¶ 57} The trial court was permitted to impose other sanctions for Rader's disregard of the court-imposed deadlines. However, since Rader was not provided notice of the hearing and he filed an answer and contested the complaint, the ultimate sanction of default judgment was an abuse of discretion.
[5] Columbus v. Kahrl (Mar. 12, 1996), 10th Dist. No. 95APG09-1204, 1996 Ohio App. LEXIS 965, at *6.
[6] Id. at *4, citing Baldwin's Ohio Civil Practice, Section T21.19(B).
[7] The Scarefactory, Inc. v. D B Imports, LTD. (Jan. 3, 2002), 10th Dist. No. 01AP-607, 2002 Ohio App. LEXIS 5, at *15, citing Buckeye SupplyCo. v. Northeast Drilling Co. (1985), 24 Ohio App.3d 134.
[8] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[9] Loc.R. III(D)(6) of the Court of Common Pleas of Lake County, General Division.
[10] The Scarefactory, Inc. v. D B Imports, LTD., at *15, quotingBuckeye Supply Co. v. Northeast Drilling Co., 24 Ohio App.3d at 136.
[11] The Scarefactory, Inc. v. D B Imports, LTD., at *15.
[12] (Emphasis added.) Industrial Comm. v. Rister (Feb. 25, 1992), 10th Dist. No. 91 AP-1158, 1992 Ohio App. LEXIS 868, at *4.
[13] Rennicker v. Jackson, 5th Dist. No. 2003AP090076, 2004-Ohio-3051, at ¶ 13.
[14] Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 124-125, quoting Mullane v. Central HanoverBank Trust Co. (1950), 339 U.S. 306, 314.
[15] Baines v. Harwood (1993), 87 Ohio App.3d 345, 347, citing Sukiv. Blume (1983), 9 Ohio App.3d 289.
[16] Id., citing Natl. Mut. Ins. Co. v. Papenhagen (1987),30 Ohio St.3d 14, 15.
[17] Providian Natl. Bank v. Stone (Sept. 28, 2001), 11th Dist. No. 2000-P-0117, 2001 Ohio App. LEXIS 4412, at *2, citing Fallsway Equip.Co. v. Kirtland Auto Sales, Inc. (June 30, 1999), 11th Dist. No. 98-G-2169, 1999 WL 476130, at *2.
[18] (Emphasis added.) Pandi v. Marc Glassman, Inc. (May 11, 1995), 8th Dist. No. 68076, 1995 Ohio App. LEXIS 1966, at *4-5, quoting Reese v.Proppe (1981), 3 Ohio App.3d 103, 105.
[19] Suki v. Blume, 9 Ohio App.3d at 290.