[Cite as *Darby Dental Supply, Inc. v. Fischer*, 2013-Ohio-3714.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DARBY DENTAL SUPPLY, INC.

      Plaintiff-Appellee

-vs-

RICHARD B. FISCHER

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 2012CA00195

O P I N I O N

CHARACTER OF PROCEEDING:      Appeal from the Massillon Municipal Court,
Case No. 2011CVF906

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 26, 2013

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

MARK SHERIFF
DALE D. COOK
MOLLY GWIN
Wiles, Boyle, Burkholder &
Bringardner Co., LPA
300 Spruce Street, Floor One
Columbus, Ohio 43215-1173

TYLER W. KAHLER
Law Office of Joseph  C. Lucas, LLC
P.O. Box 36736
Canton, Ohio 44735

*Hoffman, P.J.*

{¶1} Defendant-appellant Richard B. Fischer ("Fischer") appeals the September 13, 2012 Judgment Entry entered by the Massillon Municipal Court which reinstated default judgment against him. Plaintiff-appellee is Darby Dental Supply, Inc. ("Darby Dental").

STATEMENT OF THE CASE

{¶2} On March 28, 2011, Darby Dental filed a complaint against Fischer seeking $6,158.79 on an account for dental equipment and supplies. The complaint was returned "undeliverable as addressed." Service was later obtained on Fischer at 7125 Reading Road, Cincinnati, Ohio, on October 11, 2011.

{¶3} On December 28, 2011, Darby Dental filed a Motion for Default Judgment, which was granted by the trial court on February 8, 2012.

{¶4} On June 4, 2012, Fischer filed a Motion for Relief from Judgment, which was granted by a magistrate following hearing. Darby Dental filed objections to the magistrate's report. On September 13, 2012, trial court overruled the magistrate's decision and reinstated the default entry.

{¶5} It is from the September 13, 2012 Judgment Entry Fischer prosecutes this appeal, assigning as error:

{¶6} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHERE IT DENIED THE MOTION MADE PURSUANT TO CIV.R. 60(B)(1), WHICH ASSERTED (1) THAT DR. FISCHER'S NEGLECT WAS EXCUSABLE, (2) THAT DR. FISCHER HAD A MERITORIOUS DEFENSE, PRIMARILY THAT A THIRD PARTY USED HIS IDENTITY

WITHOUT HIS KNOWLEDGE TO PLACE ORDERS WITH DARBY DENTAL, AND (3) THAT THE MOTION WAS TIMELY FILED.

{¶7} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHERE IT DENIED THE MOTION MADE PURSUANT TO CIV.R. 60(B)(5) AND REQUIRED A SHOWING OF EXCUSABLE NEGLECT IN ORDER TO BE ELIGIBLE FOR RELIEF PURSUANT TO CIV.R. 60(B)(5), WHICH BY ITS OWN TERMS REQUIRES NO SUCH SHOWING."

{¶8}   As noted by Appellant in his brief to this Court, the standard of review of a trial court's denial of a Civ.R. 60(B) motion for relief from judgment is abuse of discretion.  To constitute an abuse of discretion, "…the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."  *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87.

{¶9}   We begin by recognizing the law disfavors default judgments.  *Suki v. Blume* (1983), 9 Ohio App.3d 289.  Cases should be decided on their merits rather than on technical grounds.  *Amzee Corp. v. Comerica Bank-Midwest* (10th Dist.), 2002 Ohio 3084, ¶20.  At the same time, we recognize the need for adherence to proscribed rules of procedure for the orderly disposition of cases.

I

{¶10} Fischer maintains he established excusable neglect because his actions did not indicate he completely disregarded the judicial system nor did he fall substantially below what is reasonable; rather he simply responded improperly.

{¶11} Fischer maintains orally informing the attorneys for Darby Dental they had the wrong person was sufficient response to the lawsuit.  In his affidavit in support of his

Civ.R. 60(B) motion, he avers he spoke to "someone representing the attorney who filed the lawsuit for Plaintiff", not the actual attorney as asserted in his brief. Fischer admits the person he spoke to advised him he needed to retain an attorney. Despite said advice, Fischer failed to heed the clear warning in the summons accompanying the complaint of his need to file a timely answer.[1]

{¶12} Darby Dental filed its motion for default judgment on December 28, 2011. Fischer does not deny receiving the motion, rather he avers he did not recall receiving it.

{¶13} In response to a request from the magistrate, Darby Dental filed a supplemental memorandum in support of venue on February 1, 2012. A copy was sent to Fischer at the same address a copy of the previously filed motion for default judgment was sent.

{¶14} In response to Darby Dental's memorandum concerning venue, Fischer sent a letter dated February 7, 2012, to the magistrate denying he ordered or received the supplies from Darby Dental and of a scam perpetrated by Dental Hygiene Onsite, with who he admittedly had business dealings.[2] Default judgment was entered February 8, 2012. Fischer acknowledges his February 7, 2012 letter was returned to him by the magistrate via correspondence dated February 14, 2012. Therein the magistrate advised Fischer he should seek legal advice.

---

[1] We find Fischer's suggestion of identity theft and inappropriate service on a different Dr. Fischer irrelevant in light of Fischer's letter to the magistrate acknowledging his business association with Dental Hygiene Onsite which ordered the supplies.

[2] Although the record contains the letter with the notation "FILE" thereon, the docket does not reflect it was ever time stamped for filing by the clerk nor does it reflect the date it was received by the magistrate.

**{¶15}** We find it significant the motion for default judgment was pending forty-three (43) days before it was granted, without direct response to it by Fischer. In all, almost 4 months had passed since service of the complaint on Fischer. Though not affirmatively demonstrated by the record, we believe it likely Fischer's letter to the magistrate was not received prior to entry of the default judgment. Even if arguably it could be construed as an answer, it was received untimely.

**{¶16}** Based upon the above, we do not find the trial court abused its discretion in not finding excusable neglect.

**{¶17}** Appellant's first assignment of error is overruled.

II

**{¶18}** Herein Fischer asserts the trial court erred in not granting relief from judgment under Civ.R. 60(B)(5).

**{¶19}** Civ.R. 60(B)(5) is not a substitute for the more specific provisions of Civ.R. 60(B), and such relief is only granted if there are substantial grounds accompanied by extraordinary and unusual circumstances. *Mt. Olive Baptist Church v. Pickens Points and Home Improvement Center* (1979), 64 Ohio App.2d 285, *Parkhurst v. Snively*, 2001-Ohio-1418. We find this case does not present such extraordinary or unusual circumstances.

**{¶20}** Appellant's second assignment of error is overruled.

{¶21} The judgment of the Massillon Municipal Court is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DARBY DENTAL SUPPLY, INC. :
 :
  Plaintiff-Appellee :
 :
-vs- :  JUDGMENT ENTRY
 :
RICHARD B. FISCHER :
 :
  Defendant-Appellant :  Case No. 2012CA00195


For the reasons stated in our accompanying Opinion, the judgment of the

Massillon Municipal Court is affirmed. Costs to Appellant.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY