DECISION
{¶ 1} Plaintiff-appellant, Gregory B. Morgan, filed a complaint against appellee, Essam Mikhail ("Essam"), and J.B. Oxford Company, an investment company, on December 11, 2000, alleging fraud, breach of fiduciary duty, negligence, conversion, intentional infliction of emotional distress and violations of securities laws, and sought compensatory and punitive damages, injunctive relief and prejudgment interest. The complaint was based on appellant's allegations that he had given money to Essam to make investments on his behalf and that Essam used the money as if it belonged to him personally.
 {¶ 2} A temporary restraining order ("TRO") was issued to freeze the securities and cash allegedly being held in Essam's name with J.B. Oxford, to provide an accounting of all transactions in that account and to transfer all cash to the clerk of courts. Essam was ordered not to leave the jurisdiction. Appellant filed a motion to show cause why Essam should not be held in contempt of court for failing or refusing to abide by the TRO since he had not delivered accounting documents and funds to the court. On December 22, 2000, the trial court issued a preliminary injunction requiring Essam to produce all records of account and other documents required to demonstrate each and every transaction utilizing appellant's money, and to prevent Essam from liquidating the assets. J.B. Oxford deposited $6,545.86 with the court, which was returned to appellant pursuant to the injunction. After it complied with the TRO, appellant dismissed J.B. Oxford Company, pursuant to Civ.R. 41(A)(1), on January 16, 2001. On January 19, 2001, the trial court entered a permanent injunction requiring Essam to appear and deliver a summary accounting of all transactions undertaken with appellant's money. On January 25, 2001, the trial court found Essam in contempt of court for his failure to produce the records and documents described in the TRO and awarded appellant $3,350 plus ten percent interest in attorney fees. Appellant filed a motion for default judgment on January 11, 2001, which was withdrawn on June 6, 2001. Appellant filed an amended complaint on July 20, 2001, adding Essam's father, appellee, Azmi Mikhail ("Azmi"), as an additional defendant.
 {¶ 3} On May 25, 2001, Essam was indicted on one count of being an unlicensed investment advisor, one count of engaging in fraud as an investment advisor, one count of mishandling funds as an investment advisor, one count of theft, one count of forgery and one count of intimidation of a victim or witness. As a result of the criminal case, this case was stayed on August 27, 2001, and the stay was lifted on May 13, 2002.
 {¶ 4} Essam pled guilty to being an unlicensed investment advisor in violation of R.C. 1707.44, and mishandling funds as an investment advisor in violation of R.C. 1707.44, and a nolle prosequi was entered as to the remaining counts. Essam was sentenced to four years on the charge of being an unlicensed investment advisor and 12 months on the charge of mishandling funds, both sentences to run concurrently. The court further ordered restitution to appellant in the amount of $29,123, plus $662.50 appellant had incurred for counseling. This court affirmed the convictions. See State v. Mikhail (Dec. 12, 2002), Franklin App. No. 02AP-545, 2002-Ohio-6842.
 {¶ 5} On December 31, 2002, appellant sought leave to amend his complaints against Essam and Azmi to add a claim for concealment of assets or placing assets beyond an official's reach, to request additional damages and to add Essam's mother, Insaf Mikhail, as a defendant. On February 11, 2003, the trial judge recused himself and the case was reassigned. On March 12, 2003, appellant requested a jury trial, which was denied as untimely on January 28, 2004.
 {¶ 6} On April 24, 2003, the trial court denied appellant's motion to amend his complaint to add an additional defendant, but did permit appellant to amend his complaint to request additional damages and attorney fees. On January 28, 2004, the trial court sua sponte dismissed appellant's claims finding that Essam's convictions were dispositive of appellant's claims and granted judgment to appellant for $29,123, and $4,650 for attorney fees. Appellant filed a timely notice of appeal from the sua sponte dismissal. The trial court also granted Azmi's motion to dismiss for failure to state a claim for which relief may be granted, and appellant filed a notice of appeal from that judgment and the two appeals were consolidated. Appellant raises the following assignments of error:
First Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff by dismissing this case sua sponte without a motion by the defendants, thereby wrongfully denying plaintiff his constitutional right to a fair trial before an impartial jury and his right to put on his evidence to support his claims.
Second Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff by denying plaintiff's request for a jury trial while at the same time preventing plaintiff, through its rulings on plaintiff's pleadings, from introducing new triers of fact and since plaintiff submitted his request for [a] jury more than two months before the scheduled trial date in this case which would not have prejudiced the defendants.
Third Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when judge Sheward engaged in negotiations with defense counsel during discussions before trial and then, in determining how it would rule on this matter, changed his ruling of fraud he had already announced in open court to conform with the desires of the defendants rather than ruling on evidence and law.
Fourth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when judge sheward determined that plaintiff is entitled to recoup the expense of litigating this case under fraud and then failed to allow plaintiff to establish fraud and recoup the expenses.
Fifth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when judge Sheward determined that plaintiff's claim for attorney fees in addition to those awarded in the first contempt order was to be a subject matter of this lawsuit, heard plaintiff's explanation of his fees, and then awarded plaintiff only a portion of these fees under the investment advisors statutes at the defendant's request instead of fraud which he had already announced in open court.
Sixth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when judge Sheward stated that plaintiff cannot recoup punitive damages on his fraud claim since defendant Essam Mikhail is already being punished criminally when the law clearly states if a plaintiff in a fraud action shows that the fraud was gross or malicious or that there was a very corrupt condition of affairs, the jury may award exemplary or punitive damages even though the defendant may have been punished criminally for the same wrong.
Seventh Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff by finding that defendant Essam Mikhail's investment advisor criminal convictions are dispositive of plaintiff's civil claims under these statutes where the court made its ruling without a trial to explore this issue, did not examine the evidence, and made the ruling without having any previous law on which to base its decision since defendant Essam Mikhail is the first person convicted under these statutes.
Eighth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when it found that defendant Essam Mikhail's four-year jail sentence, coupled with full restitution of plaintiff's economic damages, serves fully any policy underlying a decision to award punitive damages when the defendant's jail sentence was reduced to four years from five years to facilitate early release.
Ninth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when it dismissed as moot counts two, three, four, and five of plaintiff's complaint by finding that plaintiff's claims for economic damages under these counts are rendered moot by the court's decision to grant judgment under count seven of the complaint, first where the court made its ruling to conform with the defendant's wishes, and second denied plaintiff his right to put on evidence towards his other claims.
Tenth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when, without allowing plaintiff to put on his evidence and expert witnesses' testimonies, the court dismissed plaintiff's claim for intentional infliction of emotional distress by finding that there exists no set of facts or circumstances in this case, upon which plaintiff could maintain an action for intentional infliction of emotional distress where the court ruled on this matter without understanding the basis for the claim and where defendant Essam Mikhail's behavior, plaintiff's evidence, and judge pheiffer's [sic] opinion suggests the ruling should be vacated.
Eleventh Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when judge Sheward placed an ex parte telephone call to plaintiff a few days before trial and discouraged plaintiff from taking this case to trial.
Twelfth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when judge Bessey based his ruling in part on information gleaned from the transcript of pre-trial discussions held before judge Sheward which contained untrue and misleading statements made by defense counsel and the findings of judge Sheward himself who made biased and erroneous statements during the discussions.
Thirteenth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff by not granting his motion for default judgment after defendant Essam Mikhail failed to submit his answer to plaintiff's complaint within 28 days.
Fourteenth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when, after defendant Essam Mikhail failed repeatedly to comply with the court's order for discovery, it did not conduct a hearing on the second order to show cause and impose sanctions against Essam Mikhail, Douglas J. hart for advising him, or both, thereby awarding plaintiff the reasonable expenses, including attorney fees, caused by the failure.
Fifteenth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff by denying plaintiff's motion for summary judgment on his fraud claim even though plaintiff cited defendant Essam Mikhail's criminal convictions in his motion, which the court admitted constitute fraud.
Sixteenth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff by denying plaintiff's December 31, 2002 motion to amend his complaint, effectively preventing plaintiff from introducing new triers of fact and evidence, even though plaintiff presented newly discovered evidence to warrant the amending of his complaint.
Seventeenth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff by granting defendant Azmi Mikhail's motion to dismiss for failure to state a claim based on insufficient and misleading information offered by defense counsel at the pretrial discussions rather than conducting a trial, examining the evidence, and hearing witnesses testimonies.
Eighteenth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when it denied plaintiff's motion for leave to file additional requests for discovery filed December 17, 2002.
Nineteenth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff when it failed to award the plaintiff statutory pre-judgment interest on his judgment award at (10%) per annum.
Twentieth Assignment Of Error:
The trial court erred to the substantial prejudice of the plaintiff by assigning court costs to plaintiff in its decision granting third party defendant Azmi Mikhail's motion to dismiss for failure to state a claim as plaintiff will now be billed for the entire proceeding because the clerk of courts cannot separate this case [for] the purposes of assigning costs.
 {¶ 7} By the first, seventh and eighth assignments of error, appellant contends that the trial court erred by dismissing this case sua sponte without a motion by Essam. At a pre-trial conference on January 14, 2003, the trial court discussed the claims and evidence with appellant and defense counsel, and determined that Essam's convictions were dispositive of appellant's claims and granted a judgment to appellant pursuant to Count 7 of his complaint, which was a claim for violations of Ohio Securities Laws. The trial court determined that appellant did not have a claim for intentional infliction of emotional distress, that punitive damages would be excessive and inappropriate, and that claims for economic damages, pursuant to fraud, breach of fiduciary duty, gross negligence and conversion, were moot. After the judge recused himself, the newly-appointed trial court judge reviewed the transcript and then sua sponte dismissed the case on the same grounds.
 {¶ 8} Essam was convicted of being an unlicensed investment advisor in violation of R.C. 1707.44(A)(2), and mishandling funds as an investment advisor in violation of R.C. 1707.44. As part of his sentence, he was ordered to pay appellant $29,123 in restitution, plus $662.50 which appellant incurred in counseling fees. Restitution orders imposed by state criminal courts as part of a criminal sentence are preserved from discharge in bankruptcy. See State v. Pettis (1999), 133 Ohio App.3d 618,622, fn. 1, citing Section 523(a)(7) of Chapter 7 of United States Bankruptcy Code; however, a criminal conviction, even one including restitution, does not preclude a civil action. SeeState v. Shenefield (1997), 122 Ohio App.3d 475, 481.
 {¶ 9} The trial court did not permit appellant to present any of his evidence. The dismissal followed a pretrial conference.[1] The dismissal was not pursuant to a motion for summary judgment, judgment on the pleadings or a Civ.R. 12(B)(6) motion to dismiss. It was not a Civ.R. 41(A)(2) dismissal because there was no request by appellant. Neither was the dismissal the result of sanctions. Even if any of these methods had been cited by the trial court, they would have been improper. There is no basis for the dismissal because there was no request for affirmative relief with notice to appellant. In the absence of such, the trial court had no basis to dismiss appellant's claims against Essam, and the trial court erred in doing so. Appellant's first, seventh and eighth assignments of error are well-taken.
 {¶ 10} Our ruling on the first assignment of error renders moot appellant's second, ninth, tenth, twelfth, sixteenth, eighteenth, nineteenth and twentieth assignments of error.
 {¶ 11} By assignments of error three, four, five, six and eleven, appellant contends errors were made by Judge Sheward. Judge Sheward recused himself on February 11, 2003, and the case was reassigned. Since he was no longer the trial judge, any alleged errors were harmless as the rulings can be reconsidered by the new trial judge. Therefore, appellant's third, fourth, fifth, sixth and eleventh assignments of error are not well-taken.
 {¶ 12} By the thirteenth assignment of error, appellant contends that the trial court erred by not granting appellant's motion for default judgment after Essam failed to submit his answer to appellant's complaint within 28 days. Appellant filed his complaint on December 11, 2000, and his motion for default judgment on January 12, 2001. Essam filed a motion for leave to file an answer instanter on February 2, 2001, which was granted August 27, 2001.
 {¶ 13} Civ.R. 6(B)(2) provides, in relevant part, as follows:
When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.
 {¶ 14} Thus, the trial court may grant a defendant's motion for leave to file an answer upon a showing of excusable neglect.Faith Elec. Co. v. Kirk (May 10, 2001), Franklin App. No. 00AP-1186. "A trial court's determination whether neglect is excusable or inexcusable `must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than [on] procedural grounds.'" Id. at ¶ 2, quoting Fowler v. Coleman (Dec. 28, 1999), Franklin App. No. 99AP-319. A trial court's Civ.R. 6(B)(2) determination is an issue addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion. Id. In Suki v. Blume (1983), 9 Ohio App.3d 289,290, the court held that, "[w]here a party pleads before a default is entered, though out of time and without leave, if the answer is good in form and substance, a default should not be entered as long as the answer stands as part of the record." In this case, appellant withdrew the motion for default judgment on June 6, 2001, prior to the trial court's granting leave to file an answer out of rule. Given that fact, the trial court did not abuse its discretion in granting Essam leave to file his answer or in failing to grant appellant's motion for default judgment. Appellant's thirteenth assignment of error is not well-taken.
 {¶ 15} By the fourteenth assignment of error, appellant contends that the trial court erred when, after Essam failed repeatedly to comply with the court's order for discovery, it did not conduct a hearing on the second order to show cause and impose sanctions against Essam, Douglas J. Hart for advising him, or both, thereby awarding appellant the reasonable expenses, including attorney fees, caused by the failure to comply. A hearing had been scheduled for August 29, 2001, but the stay, based on the pending criminal action, began on August 27, 2001. By the time the case was reactivated, Essam was incarcerated and serving his sentence, and the trial court found a hearing unnecessary. Regardless of Essam's incarceration, appellant is entitled to an evidentiary hearing on his motion for contempt.State ex rel. Boston v. Tompkins (Sept. 30, 1996), Franklin App. No. 96APE04-429. Appellant's fourteenth assignment of error is well-taken.
 {¶ 16} By the fifteenth assignment of error, appellant contends that the trial court erred by denying his motion for summary judgment on his fraud claim, even though appellant referenced Essam's criminal convictions in his motion and the court had ruled his convictions constituted fraud. The trial court stated at the pre-trial conference, as follows, at 49-50:
THE COURT: He pled guilty. He pled guilty to unlicensed investment — as an unlicensed investment advisor. He also pled guilty to mishandling funds as an investment investor. Okay. I'm simply suggesting to you that that goes a long way towards fraud. That may just make fraud, okay. Are you with me?
 {¶ 17} Initially, we note the trial court only stated Essam's actions may constitute fraud. While appellant believes that the trial court made a finding in his favor, a trial court only speaks through its journal entries and no definitive finding was made. State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, 118. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C);Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. FirstUnited Church of Christ (1974), 37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 18} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maustv. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy.
 {¶ 19} To demonstrate fraud, appellant had to assert in his complaint: "(1) a false representation; (2) knowledge by the person making the representation that it is false; (3) the intent by the person making the representation to induce the other to rely on that representation; (4) rightful reliance by the other to his detriment; and (5) an injury as a result of the reliance."Korodi v. Minot (1987), 40 Ohio App.3d 1, 3.
 {¶ 20} In his affidavit attached to his memorandum contra appellant's motion for summary judgment, Essam denied that he had made a misrepresentation to appellant. Exhibit J to appellant's motion for summary judgment also indicates that Essam disclosed in writing that he was not a licensed investment advisor. While the convictions are evidence, they alone do not constitute fraud. Issues of fact regarding whether Essam made misrepresentations exist and the trial court did not err in denying appellant's motion for summary judgment regarding his fraud claim. Appellant's fifteenth assignment of error is not well-taken.
 {¶ 21} By the seventeenth assignment of error, appellant contends that the trial court erred by granting Azmi's motion to dismiss for failure to state a claim. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community TenantsUnion (1975), 42 Ohio St.2d 242, syllabus. In construing the complaint upon a Civ.R. 12(B)(6) motion, a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
 {¶ 22} Appellant alleged actions of fraud, conversion and unjust enrichment against Azmi. The allegations arise because Essam transferred $6,500 from his bank account into Azmi's bank account. The trial court found that Azmi's passive act of permitting Essam to deposit money into his bank account did not constitute fraud because there was no misrepresentation by Azmi upon which appellant had relied. The complaint makes no allegation that Azmi and appellant had any interaction or that Azmi had any knowledge that appellant had a claim to the funds. Thus, appellant failed to state a claim for fraud against Azmi.
 {¶ 23} Appellant alleged a claim for conversion as to Azmi. "A conversion is recognized as any exercise of dominion or control wrongfully exerted over the personal property of another in denial of or under a claim inconsistent with his rights."Ohio Tel. Equip. Sales, Inc. v. Hadler Realty Co. (1985),24 Ohio App.3d 91, 93. Most jurisdictions require some affirmative act on the part of the defendant, in the absence of some specific legal duty to deliver or forward the property. A demand for the property and refusal are also necessary. Id. at 92. Appellant has failed to allege that Azmi committed a wrongful and affirmative act, or that appellant demanded the property and Azmi refused to return the money. Appellant's claim for conversion must fail.
 {¶ 24} Appellant filed a claim for unjust enrichment which requires him to demonstrate:
"(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment (`unjust enrichment')."
Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183, quoting Hummel v. Hummel (1938), 133 Ohio St. 520, 525. Again, appellant has not alleged that Azmi had any knowledge that the money belonged to appellant. His claim for unjust enrichment must fail. The trial court did not err in granting Azmi's motion to dismiss and appellant's seventeenth assignment of error is not well-taken.
 {¶ 25} Appellant filed a motion to supplement the record with an excerpt from Essam's motion for judicial release because, in the excerpt, Essam stated that he would not comply with the restitution order if denied judicial release and that he intended to discharge the restitution order in bankruptcy. Appellant argues the excerpt is relevant to our determination because the trial court was aware of the criminal proceedings when it made its determination. As discussed above, restitution orders imposed as part of a criminal sentence are not dischargeable. Pursuant to our ruling on the first, sixth, seventh and eighth assignments of error, the motion has been rendered moot and is denied.
 {¶ 26} For the foregoing reasons, appellant's first, seventh, eighth and fourteenth assignments of error are sustained; appellant's second, ninth, tenth, twelfth, sixteenth, eighteenth, nineteenth and twentieth assignments of error are overruled as moot; and appellant's third, fourth, fifth, sixth, eleventh, thirteenth, fifteenth and seventeenth assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.
Judgment affirmed in part, reversed in part and causeremanded.
Bryant and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although the trial court decision states that the trial court reviewed the transcript of the "hearing/trial," the transcript was from a pre-trial conference, not a trial.