OPINION
{¶ 1} Plaintiff-appellant, Parkash Kaur ("appellant"), appeals from the judgment of the Franklin County Probate Court adopting the magistrate's decision and declaring that defendant-appellee, Satya Bharmota ("appellee"), is the lawful surviving spouse of decedent Harjit S. Bharmota ("decedent"). For the following reasons, we reverse and remand.
 {¶ 2} On December 17, 2001, appellant filed a complaint in the Franklin County Probate Court to have herself declared the lawful surviving spouse of decedent. Appellee answered appellant's complaint, claiming that she, not appellant, was the decedent's lawful surviving spouse. This matter came on for a non-jury trial before a probate court magistrate.
 {¶ 3} On October 31, 2005, the magistrate filed his decision, which included findings of fact and conclusions of law. Ultimately, the magistrate determined that decedent's marriage to appellant was terminated in 1961, and that decedent validly married appellee in 1967. The magistrate concluded that "decedent was married twice and divorced once and survived by [appellee] as the surviving spouse on the date of his death[.]" The magistrate therefore recommended that the probate court "determine that [appellee] is the lawful surviving spouse of the decedent, Harjit S. Bharmota, and that the estate administration proceed accordingly[.]"
 {¶ 4} On November 14, 2005, appellant filed a motion for an extension of time to file objections to the magistrate's decision and a request for specific findings of fact and conclusions of law. In the motion for extension of time, appellant's counsel stated that the court reporter would not be able to prepare the transcript of proceedings before the magistrate until November 21, 2005. Appellant requested an extension of ten days from November 21, 2005, in which to file objections so that her counsel could study the transcript and incorporate it into the objections. Appellant stated that appellee's counsel would not oppose the motion for an extension.
 {¶ 5} On November 21, 2005, the trial court denied appellant's motion for an extension of time and request for specific findings of fact and conclusions of law. The court stated that the magistrate's October 31, 2005 decision contained findings of fact and conclusions of law, thus denying appellant's request for such as moot. With respect to appellant's motion for an extension, the court noted that appellant did not file objections within the time prescribed by Civ.R. 53, but, instead, filed a motion for an extension of time due to delay in preparation of the transcript. The court stated:
* * * Counsel mistakes the deadline for filing the Objections to Magistrate[']s Decision which was 14 days from issuance, from the filing of the transcript pursuant to Local Rule 75.11.
Consequently, Plaintiff has missed the time for filing Objections to the Magistrate's Decision and the Motion for Extension of Time to File Objections is Denied.
The same day that it denied appellant's motions, the trial court adopted the magistrate's decision as its own. Appellant filed a timely notice of appeal.
 {¶ 6} Appellant asserts two assignments of error for our consideration:
Assignment of Error No. 1
The trial court erred in denying Plaintiff's motion for extension of time to file objections to the Magistrate's Decision dated October 31, 2005.
Assignment of Error No. 2
The trial court erred in adopting the Magistrate's Decision dated October 31, 2005 and its determination that defendant, Satya Bharmota, is the lawful surviving spouse of the decedent, Harjit S. Bharmota.
 {¶ 7} In her first assignment of error, appellant contends that the trial court erred in denying her motion for an extension of time to file objections to the magistrate's decision. Civ.R. 53 governs proceedings before magistrates, including the procedure for objecting to a magistrate's decision. Pursuant to Civ.R. 75(C), Civ.R. 53 applies to all cases or issues heard by a magistrate in probate court. Civ.R. 53(E)(3) provides:
(3) Objections.
 (a) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ. R. 53(E)(4)(c). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ. R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection.
(c) Objections to magistrate's findings of fact. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
(d) Waiver of right to assign adoption by court as error onappeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
 {¶ 8} It is undisputed that appellant failed to file objections to the magistrate's decision within 14 days after the filing of the magistrate's decision, as required by Civ.R. 53(E)(3)(a). Rather, within the 14-day time for filing her objections, appellant moved the trial court for an extension of time in which to do so. Pursuant to Civ.R. 6(B), a court may enlarge the period in which objections must be filed. Conroy v.Conroy (Aug. 12, 1993), Franklin App. No. 93AP-27. Civ.R. 6(B) provides as follows:
(B) Time: extension. When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them.
 {¶ 9} The decision to grant an extension of time, pursuant to Civ.R. 6(B), is committed to the sound discretion of the trial court, and we will not reverse the trial court's decision absent an abuse of discretion. Coots v. Glazer (Mar. 16, 2001), Montgomery App. No. 18377. Consequently, the issue becomes whether the trial court abused its discretion in denying appellant's motion for an extension of time in which to file her objections to the magistrate's decision. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151,157. In reviewing the trial court's exercise of discretion, we consider all competing considerations, including potential prejudice to appellee and the trial court's right to control its docket. See State v. Unger (1981), 67 Ohio St.2d 65, 67.
 {¶ 10} Here, appellant moved the trial court to enlarge her time to file objections to the magistrate's decision before the expiration of the period prescribed by Civ.R. 53(E)(3)(a). Accordingly, Civ.R. 6(B)(1) applied, and appellant was not required to establish that her inability to file objections within the prescribed 14-day period was the result of excusable neglect. Rather, the court's discretion to enlarge the time in which appellant could file objections depended solely upon "cause shown." Appellant averred that an extension of time was warranted to permit preparation of the transcript, with which she was required to support her objections to the magistrate's findings of fact, pursuant to Civ.R. 53(E)(3)(c).
 {¶ 11} The trial court denied appellant's motion for an extension of time based on Loc.R. 75.11 of the Court of Common Pleas of Franklin County, Probate Division, which provides, in part, as follows:
Upon filing objections to a magistrate's decision pursuant to Civ. R. 53, any party may cause the objections to be set for hearing and give notice to the remaining parties or attorneys of the date on which the matter is to be heard. If an entry setting hearing on the objections is not filed within twenty-eight (28) days of the filing, the objections shall be deemed submitted to the Court for consideration on the pleadings.
The objections should be accompanied by a supporting memorandum. If required, the transcript shall be filed within thirty (30) days of the filing of the objections or two (2) days before the hearing, whichever occurs first.
 {¶ 12} Appellant argues that, despite Loc.R. 75.11, the trial court had discretion to allow her to file objections beyond the 14-day period provided by Civ.R. 53(E)(3)(a) and that the trial court abused its discretion by denying her motion for an extension of time. On the other hand, appellee argues that Loc.R. 75.11 clearly establishes the procedure for situations in which a transcript is not prepared in time to be filed simultaneously with objections.[1] We agree with appellant's position. While Loc.R. 75.11 does permit an objecting party to file a transcript after filing objections, nothing in the local rule strips the trial court of its discretion, afforded by Civ.R. 6(B), to extend the time for filing objections.
 {¶ 13} Here, the trial court did not consider whether appellant demonstrated cause for her request but, instead, denied appellant's motion solely on the basis of Loc.R. 75.11. In its entry, the trial court simply found that, because appellant's counsel confused the deadline for filing objections and the deadline for filing the transcript, appellant "missed the time for filing Objections to the Magistrate's Decision[.]" Accordingly, the trial court erred by failing to exercise its discretion to determine whether to permit appellant to file her objections beyond the 14-day period prescribed in Civ.R. 53(E)(3)(a). See Oakbrook Realty Corp. v. Blout (1988),48 Ohio App.3d 69 (finding an abuse of discretion where the trial court incorrectly concluded it was bound to exclude evidence and, therefore, failed to exercise its discretion as to whether to admit or exclude the evidence); Diamonte v. Bd. of Review, OhioBur. of Emp. Serv. (Sept. 14, 1982), Franklin App. No. 82AP-355 (trial court erred in reversing a board decision, based on the board's failure to file the record, where the court failed to exercise its discretion under Civ.R. 6[B][2]). Consequently, we sustain appellant's first assignment of error.
 {¶ 14} Having concluded that the trial court failed to exercise its discretion in determining whether to grant appellant's requested extension of time, we find that appellant's second assignment of error, in which she argues that the trial court erred in adopting the magistrate's decision, is moot. Accordingly, appellant's second assignment of error is rendered moot.
 {¶ 15} For the foregoing reasons, appellant's first assignment of error is sustained, appellant's second assignment of error is moot, and we reverse the judgment of the Franklin County Court of Common Pleas, Probate Division, and remand this matter to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
Travis, J., concurs.
Bryant, J., concurs separately.
[1] Appellee also suggests that, when a transcript is not prepared in time for filing with objections, the objecting party may file an affidavit of the evidence, pursuant to Civ.R. 53(E)(3)(c). We disagree. An affidavit may substitute for a transcript under Civ.R. 53(E)(3)(c) only where a transcript is truly unavailable. See Frank Lerner Assoc., Inc. v. Vassy
(1991), 74 Ohio App.3d 537 (holding that the existence of a transcript on appeal suggests that a transcript was not "unavailable" below and that the use of an affidavit did not satisfy Civ.R. 53[E]). Here, although it was not completed within 14 days after the filing of the magistrate's decision, it is not disputed that a transcript was available.