BENTLEY et al., Appellees,

v.

GREY FOX HOMES, LTD.; Young, Appellant.

[Cite as *Bentley v. Grey Fox Homes, Ltd.*, 184 Ohio App.3d 276, 2009-Ohio-5038.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23339.

Decided Sept. 25, 2009.

Sebaly Shillito & Dyer and Marty Beyer, for appellees.

Seibel Law Office and Ronald E. Seibel, for appellant.

BROGAN, Judge.

{¶ 1} Steven R. Young appeals from the trial court's entry of a default judgment against him and Grey Fox Homes, Ltd.

{¶ 2} In his sole assignment of error, Young contends that the trial court erred in denying his motion for an extension of time to file an answer and proceeding to enter a default judgment in favor of plaintiff-appellees David and Debra Bentley.

{¶ 3} The record reflects that Young is the owner of Grey Fox Homes, Ltd., a home-construction company. On November 10, 2008, the Bentleys filed a multi-count complaint against Young and Grey Fox for failure to perform under a home-construction contract. Young and Grey Fox received service of the complaint on November 19, 2008. Thereafter, Young sent the trial court a December 16, 2008 letter requesting an extension of time to respond to the Bentleys' complaint. In support, he explained that he did not have an attorney and that he needed time to find one. The trial court journalized the letter on December 17, 2008.

{¶ 4} The Bentleys subsequently filed a memorandum opposing Young's request for an extension of time, essentially accusing him of engaging in delay tactics. They also filed a motion for a default judgment on December 24, 2008, based on Young's failure to file an answer. The trial court sustained the motion for a default judgment on January 28, 2008. At the outset of its ruling, the trial court addressed Young's request for an extension of time to answer. It recognized that "whenever possible, cases should be decided on their merits rather than on procedural technicalities." As a result, the trial court explained that it had "allowed some time to pass after Young requested an extension to allow counsel for Young to enter an appearance or Young to answer pro se." After noting that neither event had occurred, the trial court concluded that Young's pro se status did not relieve him of his obligation to defend. As a result, it found the Bentleys entitled to a default judgment and ordered the parties to file written evidence on the issue of damages. Thereafter, on February 20, 2009, the trial court entered final judgment against Young and Grey Fox jointly and severally. It awarded the Bentleys compensatory damages of $129,819.61, statutory treble damages of $389,458.83, attorney fees and costs of $14,309.85, and punitive damages of $100,000, for a total award of $633,588.29, plus postjudgment interest. This timely appeal by Young followed.[1]

{¶ 5} On appeal, Young contends that the trial court abused its discretion in denying his motion for an extension of time to answer. He asserts that the trial

---

1. Grey Fox Homes, Ltd. did not join in the appeal. Consequently, our ruling herein has no effect on the default judgment entered against Grey Fox Homes, Ltd.

court improperly relied on his "post motion conduct" of failing to have counsel enter an appearance or failing to file a pro se answer. Young reasons that his failure to hire counsel or to file an answer was justified while his motion for leave to do so remained pending.

{¶ 6} In response, the Bentleys contend that the trial court reasonably gave Young six weeks to find a lawyer after he filed his extension request. The Bentleys also claim that Young had engaged in "stonewalling" tactics, which included, among other things, ignoring prelitigation requests for an accounting, failing to respond to the motion for default judgment and other filings, ignoring an order to produce documents before the damages hearing, and failing to file a damages memorandum. The Bentleys argue that Young cannot complain about the default judgment when he did nothing to obtain counsel until after the damages hearing. The Bentleys further contend that the record is devoid of evidence that Young did not hire counsel or file an answer because he was waiting for the trial court to rule on his request for an extension of time.

{¶ 7} Under Civ.R. 12(A)(1), Young was required to file his answer within 28 days after receiving service of the Bentleys' complaint. On the 28th day, December 17, 2008, the trial court journalized a letter from Young, which it reasonably construed as a pro se motion for an extension of time to file an answer. Young's motion was governed by Civ.R. 6(B), which provides:

{¶ 8} "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

{¶ 9} In the present case, Young moved to enlarge the time for filing his answer before expiration of the 28–day period allowed by Civ.R. 12(A)(1). Thus, Civ.R. 6(B)(1) applied, and he was not required to show excusable neglect. Instead, the trial court had discretion to extend the time merely for "cause shown." *Kaur v. Bharmota,* Franklin App. No. 05AP–1333, 2006-Ohio-5782, 2006 WL 3113376, ¶ 10. We review the trial court's ruling for an abuse of discretion. Id. at ¶ 9.

{¶ 10} The record reveals that the trial court implicitly overruled Young's motion for an extension of time when it sustained the Bentleys' motion for a default judgment. In support, the trial court reasoned that it had "allowed some time to pass after Young requested an extension to allow counsel for Young to enter an appearance or Young to answer pro se." The immediate purpose for

counsel entering an appearance, however, would have been to file an answer, which is what Young moved under Civ.R. 6(B) for an extension of time to do. Young's failure to file his answer, with or without assistance from counsel, while awaiting the trial court's ruling on his motion for leave to do so, logically cannot serve as grounds for denying the motion. If Young had proceeded to file his answer out of rule and without being granted leave, the answer would have been vulnerable to being stricken. *Suki v. Blume* (1983), 9 Ohio App.3d 289, 290–291, 9 OBR 536, 459 N.E.2d 1311. In our view, the trial court abused its discretion by denying Young's motion for an extension of time to answer based on his failure to take any action while his motion was pending.

{¶ 11} As for the Bentleys' allegation that Young was not entitled to an extension of time because he was engaging in delay tactics, we note that the trial court's January 28, 2009 ruling did not contain any findings on this issue. On remand, the trial court remains free to consider the Bentleys' argument, which was raised below, that delay tactics by Young should preclude him from receiving an extension of time to file an answer. For present purposes, we hold only that the trial court abused its discretion by denying Young's motion for an extension of time based on his failure to act while the motion was pending.

{¶ 12} Finally, we are unpersuaded by the Bentleys' remaining arguments that (1) Young cannot complain about the default judgment because he did not obtain counsel until after the damages hearing and (2) there is no evidence that Young failed to hire counsel or file an answer because he was waiting for the trial court to rule on his request for an extension of time.

{¶ 13} With regard to the first issue, Young's failure to hire counsel to challenge the damages award did not waive his ability on appeal to contest the trial court's ruling on his motion for an extension of time to file an answer. No final judgment existed until the trial court calculated damages. *Yoakam v. Boyd,* Ottawa App. No. OT–08–012, 2009-Ohio-395, 2009 WL 223909, ¶ 14. Once it did so, Young became free to raise as an issue on appeal the trial court's earlier denial of his motion for an extension of time to answer the complaint. As for the latter issue, Young would have been in violation of the Civil Rules if he had retained counsel and filed an answer without leave of court after December 17, 2008. Therefore, it was not unreasonable for him to await a ruling on his motion for an extension of time before proceeding. Had he done otherwise, any answer he filed would have been vulnerable to being stricken.

{¶ 14} Based on the reasoning set forth above, the judgment of the Montgomery County Common Pleas Court is reversed as to defendant-appellant Steven R.

Young, and the cause is remanded for further proceedings consistent with this opinion.

Judgment accordingly.

FAIN and FROELICH, JJ., concur.