**[Cite as *Bank of Am., N.A. v. Shultz*, 2013-Ohio-2567.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK   COUNTY

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | |
| | : | Appellate Case No. 2012-CA-70 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CV-117 |
| v. | : | |
| | : | |
| KRISTOPHER E. SHULTZ, et al. | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of June, 2013.

. . . . . . . . . .

STACY L. HART, Atty. Reg. #0081870, Lerner, Sampson & Rothfuss, Post Office Box 5480, Cincinnati, Ohio 45201-5480
       Attorney for Plaintiff-Appellee, Bank of America

JOHN J. SCACCIA, Atty. Reg. #0022217, Scaccia & Associates, LLC, 1814 East Third Street, Dayton, Ohio 45403
       Attorney for Defendant-Appellant, Kristopher E. Shultz

WILLIAM T. HOFFMAN, Clark County Prosecutor's Office, 50 East Columbia Street, Springfield, Ohio 45502
       Attorney for Clark County Treasurer

Ohio Attorney General's Office, Department of Taxation, c/o Ohio Attorney General Revenue Recovery, 150 East Gay Street, 21st Floor, Columbus, Ohio 43215
       Attorney for State of Ohio

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    The defendants moved the trial court for more time to respond to the plaintiff's complaint, and the court granted them an extended period of time. Before expiration of the extended time, the plaintiff filed a motion for default judgment. The defendants did not file their answer until after the extended period expired and did so without leave. The trial court subsequently entered default judgment for the plaintiff, though the plaintiff had not renewed its motion for default judgment. The defendants allege that the trial court erred by entering the default judgment. We agree. The plaintiff's motion for default judgment is void because it was filed before a default had arisen, and it was not otherwise renewed. Although the defendants filed their answer after the extended period expired and without further leave, that the answer was filed before the trial court entered the default judgment was enough to preclude the court from entering it. We reverse.

## I. PROCEDURAL HISTORY

{¶ 2}    On February 6, 2012, Bank of America, N.A., filed a complaint in foreclosure against Kristopher and Kristin Shultz.[1] Almost three weeks after the Shultzes' response was due, on March 23, their counsel filed an appearance and filed a motion asking the trial court for more time to respond to the Bank's complaint.[2] Counsel said that he had only recently been retained in the case and that he had "recently moved his office and has suffered a prolonged respiratory illness since January 30 and just this week has finally felt well." Two months later, on May 21, the trial court entered an order granting the motion and continuing the case until June 18.

---

[1] The complaint also named other defendants, none of whom is involved in this appeal.

[2] The motion's caption requests an additional 28 days but the motion's body asks for 21 additional days.

**{¶ 3}** Eight days after the order was entered, on May 29, the Bank filed a motion for default judgment.

**{¶ 4}** A month after the continuance expired, the Shultzes' counsel faxed the clerk of courts and asked the clerk to fax him a copy of the original complaint. The clerk did so the same day. The following day, on July 19, counsel filed the Shultzes' answer.

**{¶ 5}** On August 22, a magistrate entered a notice that a non-oral hearing would be held on August 29 to consider the Bank's motion but the order referred to it as a "motion for summary judgment," and a summary judgment motion was never filed. On August 30, the trial court granted the Bank's motion and entered a default judgment against the Shultzes. The court found "that all necessary parties ha[d] been properly served" and "that the defendants, Kristopher E. Shultz aka Kristopher E. Schultz and Kristin L. Shultz[, who] filed a Motion for Leave to Please (sic) which expired on 4/20/12, did not file an answer and are therefore in technical default."

**{¶ 6}** On September 21, the Shultzes' counsel filed a motion to vacate or alternatively to allow them to respond to the motion for default judgment. Counsel argued that the court should have considered the Shultzes' answer. He claimed that he never received, nor were the Shultzes personally served with, the Bank's motion for default judgment. He said that he did not receive the motion until the clerk of courts faxed it to him (at his request) on September 4. He also claimed that he did not receive the notice of non-oral hearing until August 31, after the default judgment had been entered. Both claims are supported with an affidavit from counsel's secretary. Counsel offered this explanation: "I have been plagued with mail problems since moving my office to Dayton. The situation was so unusual and extreme th[at] I actually received

two letters in the nature of an apology from the Post Master. If correspondence was inadvertently sent to my old address it will be a problem. [Citation to the affidavit]. I had issues with the new office as well." (Dkt.#16, fn. 1).

{¶ 7} A week later, on September 28, counsel filed a motion to stay execution of the judgment pending the outcome of an appeal to this Court. In this motion, counsel claims that the Bank never served the motion for default judgment. Counsel further claims that the motion lacks a certificate of service.

{¶ 8} On October 1, counsel filed the Shultzes' notice of appeal.

{¶ 9} On October 11, the Bank filed its opposition to the motion to vacate. On October 15, the Bank filed a motion asking for more time to respond to the motion to stay. The Bank said that as of October 12 it had still not received the motion. The trial court granted the Bank an additional 14 days to respond.

## II. REVIEW

{¶ 10} The Shultzes' sole assignment of error alleges that the trial court erred by entering default judgment. The Shultzes contend that the trial court should not have done so because the Bank's motion for default judgment does not contain a certificate of service, because they had not been served with the motion at all, because they had been served with the notice of non-oral hearing late, and because they had filed an answer before the court entered the judgment.

{¶ 11} We begin with a concise chronology of the relevant events, all of which occurred in 2012:

February 6      The Bank filed the complaint in foreclosure.

| March 5 | The time expired for the Shultzes to respond. |
|---|---|
| March 23 | The Shultzes' counsel filed an appearance and filed a motion for an additional 28 days to respond. |
| May 21 | The trial court entered the order granting the motion for an additional 28 days to respond and continued the case. |
| May 29 | The Bank filed the motion for default judgment on the grounds that the Shultzes had not filed a motion or answer. |
| June 18 | The continuance expired. |
| July 19 | The Shultzes filed their answer. |
| August 22 | The magistrate entered notice that a non-oral hearing on the Bank's motion would be held on August 29. |
| August 30 | The trial court granted the Bank's motion for default judgment and entered final judgment. |

{¶ 12} After being served with a complaint, if the defendant "fails to contest the opposing party's allegations by either pleading or 'otherwise defend[ing]' * * *[,] a default arises." *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Ass'n*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986), quoting Civ.R. 55(A). After a default arises, the rule governing default judgments provides that the plaintiff may then file a motion asking the court to enter a default judgment for it, which the court may do (provided certain conditions are met). Civ.R. 55(A).[3]

---

[3]The default-judgment rule pertinently provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days

{¶ 13}    The default-judgment rule does not provide for a default-judgment motion to be filed before a default arises. *Hartley v. Clearview Equine Veterinary Servs.*, 6th Dist. Lucas No. L-04-1163, 2005-Ohio-799, ¶ 10. Filed prematurely, such a motion is void. *Hartley* at ¶ 10 (saying that it "must be considered a nullity and denied"); *Jerninghan v. Rini*, 8th Dist. Cuyahoga No. 66764, 1995 WL 66684, *2 (Feb. 16, 1995) (saying the same), citing *State v. Wilson*, 8th Dist. Cuyahoga No. 59983, 1992 WL 41842, *3 (Mar. 5, 1992) (saying the same where before the defendant's direct appeal was decided the defendant filed a petition for post-conviction relief and then filed a motion for default judgment on the petition, because such a petition is filed prematurely when a direct appeal is pending).

{¶ 14}    Here, when the Bank filed the motion for default judgment, the Shultzes were not in default because a week before, the trial court had granted them more time to file a response–a ruling that the Bank has not challenged.[4] Having been prematurely filed, the motion was void.

---

prior to the hearing on such application. * * *

Civ.R. 55(A).

[4]In its brief, the Bank notes that when it filed the motion for default judgment it had not yet received notice that the trial court had granted the Shultzes more time to respond. The order should have been served upon the parties. It was apparently prepared as a proposed order by defendants' counsel and he did not copy plaintiff's counsel. Nevertheless, a court order need not be served on parties "unless the order is 'required by its terms to be served.'" *Ohio Valley* at 124, quoting Civ.R. 5(A). "[P]arties are charged with the duty to keep themselves apprised of entries upon the docket and to monitor the progress of the suit." (Citation omitted.) *CitiMortgage, Inc. v. Bumphus*, 197 Ohio App.3d 68, 2011-Ohio-4858, 966 N.E.2d 278, ¶36 (6th Dist.); *see Stewart v. Strader*, 2d Dist. Clark No. 2008 CA 116, 2009-Ohio-6598, ¶20 (saying that "'parties are expected to keep themselves informed of the progress of a case once they are served with process,'" quoting *Pearl v. J & W Roofing and General Contracting*, 2d Dist. Montgomery No. 16045, 1997 WL 86415, *1_(Feb. 28, 1997)). If the Bank had checked the docket in this case before filing the motion for default judgment, the Bank would have seen the entry granting an extension. *Compare Bumphus* at ¶36 (saying that "[h]ad [the bank] consulted the record before filing the motion for default judgment, it would have seen appellant's 'Answer' filed in the record"). Therefore the Bank had constructive notice that the extension had been granted. *Compare Stewart* at ¶22 (concluding that appellants had constructive notice that appellees had been granted leave to file a motion for summary judgment).

The Bank did not in any way renew its motion after the court-granted time-to-respond expired. The result is that the motion was premature, a nullity, and in the absence of renewal of the motion, there was no proper request for the trial court to enter a default judgment. And "[u]ntil a motion for default is filed, it is presumed that the complaining party is not entitled to a default judgment * * *." *Marion Prod. Credit Ass'n v. Cochran*, 40 Ohio St.3d 265, 272, 533 N.E.2d 325 (1988).

{¶ 15}   Also, the Shultzes filed an answer before the court entered the default judgment. Despite the fact that it was filed a month after the court-granted time-to-respond expired and without the court's leave, the guiding principle is that "cases should be decided upon their merits, where possible, rather than on procedural grounds." *Cochran* at 271. It follows that while "[a] defendant to an action is in default when he fails to plead within the time allowed by law for that purpose, and although he may not plead as of right after rule day, or after the expiration of an extension of time, still a pleading so filed should not be simply ignored by the entry of a default judgment." *Suki v. Blume*, 9 Ohio App.3d 289, 290, 459 N.E.2d 1311 (8th Dist.1983).[5] Therefore "[w]here a party pleads before a default is entered, though out of time and without leave, if the answer is good in form and substance, a default should not be entered as long as the answer stands as part of the record." (Citation omitted.) *Suki*  at 290; *Cromartie v. Goolsby*, 8th Dist. Cuyahoga No. 93438, 2010-Ohio-2604, ¶ 23 (quoting the same); *Morgan v. Mikhail*, 10th Dist. Franklin No. 04AP-195, 2004-Ohio-5792, ¶ 14 (quoting the same). The Shultzes' answer satisfies this rule. Therefore default judgment should not have been entered.

---

[5]"The proper practice under the circumstances calls for a motion to strike the pleading from the files." *Suki* at 290-291; *see Bentley v. Grey Fox Homes, Ltd.*, 184 Ohio App.3d 276, 2009-Ohio-5038, 920 N.E.2d 438, ¶ 10 (2d Dist.) (citing *Suki* for the proposition that if the defendant had filed an answer out of rule and without leave of court, the answer could have been stricken).

**{¶ 16}** We note, and certainly do not condone, the sloppy and dilatory practices of counsel for the defendants. After filing a motion specifically requesting a 28-day extension, no answer was filed within those 28 days. Counsel apparently prevailed upon the court to grant the 28-day extension but that was granted two months after the motion was filed. The motion asserts it was faxed to plaintiff's counsel but the fax number is not the fax number for plaintiff's counsel listed in the pleadings. Then, defendants' counsel failed to file the answer until a month after that time expired. It is only through defendants' good fortune that no new or renewed motion for default was submitted in the interim.

**{¶ 17}** The sole assignment of error also alleges, in the alternative, that the trial court erred by not granting the Shultzes' motion to vacate the default judgment. In light of our ruling that the judgment should never have been entered, that issue is moot. Even if it were not, we would not consider it. The record does not indicate that the trial court has ruled on the motion to vacate, so there is nothing for us to review.

**{¶ 18}** The sole assignment of error is sustained.

**{¶ 19}** The judgment of the trial court is reversed. This case is remanded for further proceedings.

**{¶ 20}** . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Stacy L. Hart
John J. Scaccia
William T. Hoffman
Ohio Attorney General's Office
Hon. Richard J. O'Neill