DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Shad D. Mills, appeals the sentence imposed by the Erie County Court of Common Pleas following his entry of a guilty plea. Based upon the Ohio Supreme Court's ruling in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we reverse the sentence imposed by the trial court and remand this cause for re-sentencing.
 {¶ 2} On May 6, 2004, the common pleas court sentenced appellant to 17 months in prison on one count of aggravated assault; seven years in prison on one count of felonious assault; eight years in prison on one count of aggravated burglary; and seven years in prison on one count of aggravated arson. The court ordered the sentences in the first two counts to be served concurrently with each other and the sentences in the second two counts to be served concurrently with each other. The court further ordered the sentences of the last two counts to be served consecutively with the sentences in the first two counts. The result was a term of 15 years. Appellant asserts the following assignment of error on appeal:
 {¶ 3} "The sentences imposed were unconstitutional."
 {¶ 4} In Foster, supra, the Ohio Supreme Court appliedBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v.New Jersey (2000), 530 U.S. 466 and determined that R.C.2929.14(B), (B)(2), (C), and (E)(4) violate the Sixth Amendment to the United States Constitution. Id. at paragraphs one and three of the syllabus. With respect to cases pending on direct review, where a trial court relies on any of these unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter must be remanded to the trial court for a new sentencing hearing. Foster at ¶ 103 and ¶ 104. Because the trial court relied on these particular unconstitutional statutes in sentencing appellant, appellant's sole assignment of error is found well-taken.
 {¶ 5} The judgment of the Erie County Court of Common Pleas is therefore reversed. This matter is remanded to the trial court for a new sentencing hearing in accordance with Foster, supra. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Pietrykowski, J., Parish, J., concur.