DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Shad D. Mills, appeals the sentence imposed by the Erie County Court of Common Pleas following a remand from this court for resentencing pursuant to the Ohio Supreme Court's ruling in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On May 6, 2004, the common pleas court sentenced appellant to 17 months in prison on one count of aggravated assault; seven years in prison on one count of felonious assault; eight years in prison on one count of aggravated burglary; and seven years in prison on one count of aggravated arson. The court ordered the sentences in the first two counts to be served concurrently with each other and the sentences in the second two counts to be served concurrently with each other. The court further ordered the sentences of the last two counts to be served consecutively with the sentences in the first two counts. The result was a term of 15 years.
 {¶ 3} Appellant filed a direct appeal to this court and on October 6, 2006 (State v. Mills, 6th Dist. No. E-05-080, 2006-Ohio-5279), we remanded the case for resentencing based on the fact that the trial court had relied on statutory law found to be unconstitutional inFoster. On remand, appellant received an identical sentence. He now appeals setting forth the following assignments of error:
 {¶ 4} "I. The Court of Common Pleas violated Appellant's right to trial by jury by sentencing appellant to a term of incarceration which exceeded the statutory maximum otherwise mandated by the Sixth and Fourteenth Amendments.
 {¶ 5} "II. The Court of Common Pleas violated appellant's rights under the Ex Post Facto Clause of the Federal Constitution by sentencing appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense. *Page 3 
 {¶ 6} "III. The Court of Common Pleas violated appellant's rights under the Fourteenth Amendment to the Federal Constitution by sentencing appellant pursuant to the decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, because the holding ofFoster is invalid under Rogers v. Tennessee (2001), 532 U.S. 451.
 {¶ 7} "IV. The rule of lenity requires the imposition of minimum and concurrent sentences, and the ruling of the Court of Common Pleas to the contrary must be reversed."
 {¶ 8} In all of his assignments of error, appellant claims that the Supreme Court of Ohio's remedy to the unconstitutional nature of certain sentencing statutes provided in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, itself violates the federal constitution and the rule of lenity. This court has repeatedly held that the Foster remedy does not violate the Due Process Clause, the Ex Post Facto Clause, or the rule of lenity. See State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448;State v. Barber, 6th Dist. No. WD-06-036, 2007-Ohio-2821; State v.Johnson, 6th Dist. No. L-06-1364, 2007-Ohio-3470; State v.Robinson, 6th Dist. No. L-06-1205, 2007-Ohio-3577; State v. Valenti, 6th Dist. No. WD-07-004, 2007-Ohio-4911. Therefore, appellant's assignments of error are found not well-taken.
 {¶ 9} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. *Page 4 
24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1