CITIMORTGAGE, INC., Appellee,

v.

BUMPHUS et al.; Bumphus, Appellant.

[Cite as *CitiMortgage, Inc. v. Bumphus*, 197 Ohio App.3d 68, 2011-Ohio-4858.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–10–066.

Decided Sept. 23, 2011.

70

Thomas L. Henderson, for appellee.

Beverly Newell Hancock, for appellant.

---

HANDWORK, Judge.

{¶ 1} This appeal is from the April 14, 2010 judgment of the Erie County Court of Common Pleas, which denied appellant, Tom Bumphus, an heir to Tom Bumphus Jr. and Lila Bumphus, relief from the default judgment granted to appellee, CitiMortgage, Inc., in a foreclosure action. Upon consideration of the assignments of error, we reverse and remand to the trial court for further proceedings. Appellant asserts the following assignments of error on appeal:

{¶ 2} "Assignment of Error No. I

{¶ 3} "The trial court erred by not granting a moveant's motion for relief judgment and when the plaintiff is granted a judgment against known dead people.

{¶ 4} "Assignment of Error No. II

{¶ 5} "The trial court erred by not granting Tom Bumphus [sic] motion for relief from judgment.

{¶ 6} "Assignment of Error No. III

{¶ 7} "The trial court erred by not granting Tom Bumphus [sic] motion for relief from judgment. The trial court erred by not dismissing plaintiff's complaint when plaintiff improperly obtained judgment against dead people without properly suggesting [death] [sic]."

{¶ 8} On July 1, 2009, CitiMortgage, Inc. filed a complaint in foreclosure against Tom Bumphus Jr. and Lila Bumphus. Uncertain of whether the Bumphuses were deceased, the complaint also named their "Unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns and the Unknown Guardians of Minor and/or Incompetent Heirs" as party defendants. The complaint also named other defendants who might have liens against the property, but they ultimately all disclaimed any interest in the property.

{¶ 9} CitiMortgage asserted that the Bumphuses had defaulted on a note secured by a mortgage lien upon the property at 1321 Huntington Avenue, Sandusky, Ohio, which was held by CitiMortgage, the successor by merger to CitiFinancial Mortgage Company, Inc. In their prayer for relief, CitiMortgage sought judgment against the Bumphuses on the note and foreclosure of the property securing the note.

{¶ 10} On July 16, 2009, the process server reported to the clerk of courts personal service on Tom Bumphus Jr. and a residential service on Lila Bumphus. Thereafter, on July 20, 2009, appellant Tom Bumphus, the son of the Bumphuses, filed two letters with the clerk of court, both of which were recorded as answers to the complaint by the clerk but were not served upon CitiMortgage. One letter is missing from the record, and the second letter indicated that appellant's parents were deceased (Tom Bumphus Jr. passing away on August 31, 2008, and Lila Bumphus passing away on February 16, 2009). The second letter also stated:

{¶ 11} "3. The Plaintiff's have no respect of person's they are acting on false accusation's and Greed, Whatsoever. And Rude.

{¶ 12} "4. There was never a mortgage, it was a Loan. From the beginning. The Plaintiff have twisted things around.

{¶ 13} "5. Son of Defendant's—Tom Bumphus

{¶ 14} "1321 Huntington, Sandusky Ohio

{¶ 15} "/s/ Tom Bumphus."

{¶ 16} On July 23, 2009, CitiMortgage filed an affidavit of its attorney, who attested that she was unable to locate an address for the Bumphuses and sought to serve notice on the Bumphuses and their unknown heirs by publication. This was finally accomplished in August 2009. On October 2, 2009, CitiMortgage filed a motion for default judgment, asserting that the Bumphuses had been duly served with a copy of the complaint and were in default. The motion was not served upon appellant. On March 2, 2010, CitiMortgage filed a suggestion of death for the Bumphuses based upon a search of the Social Security death index.

{¶ 17} On April 16, 2010, the trial court found that all of the parties had been properly served and that none had filed an answer to the complaint. The court further found that the allegations in the complaint were true. Therefore, the court granted a default judgment to CitiMortgage as to the note and ordered the mortgage foreclosed.

{¶ 18} On July 9, 2010, appellant filed a motion for relief from judgment and, conditioned upon a granting of that motion, a motion to dismiss, a motion for summary judgment, and a motion for judgment on the pleadings. Appellant asserted that CitiMortgage never amended its complaint to include the proper party responsible for paying the debt even though it was notified that the debtors were deceased and later filed a suggestion of death. Since the Bumphuses were deceased at the time of the filing of the complaint, appellant argues that the trial court could not render judgment in favor of CitiMortgage.

{¶ 19} On July 27, 2010, the trial court found Bumphus's motions groundless and denied all of the motions. Thereafter, CitiMortgage filed its opposition to appellant's motions, and on November 22, 2010, the trial court again denied appellant's motions, and appellant sought an appeal of the decision to this court.

{¶ 20} In all three assignments of error, appellant argues that the trial court erred by not granting his motion for relief from judgment. We will address the assignments of error together.

{¶ 21} On appeal, the court of appeals will not overturn the trial court's ruling on a motion for relief from judgment unless the trial court abused its discretion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. The abuse-of-discretion standard requires a showing of more than an error of law or judgment. The court's attitude must be shown to have been unreasonable, arbitrary, or unconscionable. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181.

{¶ 22} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. See also *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648, and *Argo Plastic Prods. Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328. Generally, all three requirements must be proven to obtain relief. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134. However, a judgment rendered without proper jurisdiction over the action or the defendant is void rather than voidable. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941; *Rokakis v. Estate of Thomas*, 8th Dist. No. 89944, 2008-Ohio-5147, 2008 WL 4447702, ¶ 7; and *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885, ¶ 8. If a judgment is void, the trial court has the inherent power to vacate the judgment, and a party need not seek relief under Civ.R. 60(B). *Patton v. Diemer* at 70.

{¶ 23} Appellant first argues that the complaint was a nullity and should have been dismissed because the parties against whom CitiMortgage sought recovery were deceased and their estates had not been named as parties to the action. Furthermore, because CitiMortgage's prayer for relief was only for "judgment against Tom Bumphus, Jr. and Lila Bumphus," appellant argues that the court could not enter a valid judgment and should have dismissed the action. Second, appellant argues that the court did not have personal jurisdiction over the

Bumphuses or their estates. Third, appellant argues that CitiMortgage never made a claim against the estates within the six-month time limit under R.C. 2117.06 for presenting claims to the decedent's estate representative and, therefore, is barred from recovery of the debt. Appellant argues that filing a suggestion of death beyond the 90–day time limit of Civ.R. 25(A)(2) and without notice was improper.

{¶ 24} First, we find for the following reasons that the complaint was not a nullity but that the default judgment rendered on the note is void for lack of personal jurisdiction over the estates of the Bumphuses. Although a deceased person may not be named as a party to an action, *Baker v. McKnight* (1983), 4 Ohio St.3d 125, 447 N.E.2d 104, syllabus (which overruled *Barnhart v. Schultz* (1978), 53 Ohio St.2d 59, 372 N.E.2d 589, cited by appellant), when a plaintiff names a deceased defendant in error, the plaintiff may substitute the real party in interest pursuant to Civ.R. 3(A) and 15(C). *Id.* Therefore, a complaint filed against a deceased party is not a nullity, because the complaint may be amended to name the real party in interest.

{¶ 25} In an action to foreclose a mortgage brought after the death of the mortgagor, the heirs and devisees of the mortgagor are necessary parties. *Gary v. May* (1847), 16 Ohio 66, 76; and *Rinehart v. Wilkes* (May 23, 1985), 10th Dist. No. 84AP–952, 1985 WL 10297. It is only when the mortgagee seeks a money judgment that the estate must be made a party to the action. *Gary v. May;* and *Ohio Sav. Bank v. Virden* (Feb. 26, 1997), 9th Dist. No. 17885, 1997 WL 89222.

{¶ 26} The Bumphuses were deceased at the time the complaint was filed. CitiMortgage did not seek to substitute their estates as the real parties in interest and therefore could seek only foreclosure on the mortgage against their heirs who were named as parties. CitiMortgage did, however, seek judgment on the promissory note, which was granted by the court in its default judgment entry. To the extent that the court granted judgment against the Bumphuses on the note, the judgment is void ab initio.

{¶ 27} The complaint also named the heirs and devisees of the Bumphuses as parties and, since they were unknown at the time, served notice on them by publication. Appellant also acknowledged notice of the pending action when he filed two letters with the court. Therefore, the court obtained personal jurisdiction over appellant through service by publication and his voluntary appearance. *Money Tree Loan Co. v. Williams,* 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885. Therefore, we find that the complaint in this action was not a nullity and that the trial court did have personal jurisdiction over appellant as a Bumphus heir who had an interest in the property.

{¶ 28} Therefore, appellant's first and third assignments of error are well taken in part and not well taken in part.

{¶ 29} Only one issue remains in this case, which was raised in appellant's second assignment of error. Appellant argues that his letters constituted an answer or an alternative means to "otherwise defend" the case so as to avoid a default judgment against him. CitiMortgage argues that the missing letter could not serve as an answer for the decedents because appellant was not an attorney. Since the letter is missing, we cannot speculate as to whether it concerned appellant's interests or whether he was attempting to represent his parents. However, the letter could serve as appellant's answer as an heir with an interest in the property.

{¶ 30} CitiMortgage also contends that the letters could not constitute pleadings because they did not meet the necessary requirements, such as the inclusion of a caption, numbering of paragraphs, and denial or general denials set forth in the proper format. Furthermore, CitiMortgage argues that Bumphus did not comply with Civ.R. 5, which mandates that any pleading submitted to the court must be brought to the opposing party's attention.

{¶ 31} Courts may afford pro se litigations reasonable leeway in the construction of their pleadings in order to reach the merits of the action. *IndyMac Fed. Bank, FSB v. OTM Invests., Inc.,* 9th Dist. No. 10CA0056–M, 2011-Ohio-3742, 2011 WL 3274075, ¶ 21, and *Martin v. Wayne Cty. Natl. Bank,* 9th Dist. No. 03CA0079, 2004-Ohio-4194, 2004 WL 1778822, ¶ 14. Therefore, the court could interpret appellant's letters as an answer raising the issue of whether there was a mortgage and whether his parents owed the debt, therefore meeting a basic requirement to constitute an answer. However, pro se litigants are required to follow the same rules and procedures as attorneys. *IndyMac; First Resolution Invest. Corp. v. Salem,* 9th Dist. No. 24049, 2008-Ohio-2527, 2008 WL 2192814, ¶ 7, and *Meyers v. First Natl. Bank* (1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412. Creating exceptions to the rules for pro se litigants would lead to the demise of the civil rules altogether. *Miller v. Lint* (1980), 62 Ohio St.2d 209, 214, 404 N.E.2d 752.

{¶ 32} It is readily apparent from the letter in the record that appellant failed to follow any of the formal requisites for a pleading required by the Ohio Civil Rules of Procedure. For example, the letter contained no captions as required by Civ.R. 10(A) and did not set out separate averments in numbered paragraphs as required by Civ.R. 10(B). Furthermore, the purported answer failed to comport with the general rules of pleading contained in Civ.R. 8 as well as the methods of pleading defenses and objections set forth in Civ.R. 12.

{¶ 33} Most importantly, there was also no proof of service on appellee's counsel as required by Civ.R. 5(A). A trial court cannot consider pleadings filed without a certificate of service. Civ.R. 5(D); *Fischer v. Rings,* 9th Dist. No. 24545, 2009-Ohio-5538, 2009 WL 3366300, ¶ 12 (except for some ex parte motions); *First Resolution Invest. Corp.,* 2008-Ohio-2527, 2008 WL 2192814, at ¶ 7; *Apps v. Apps,* 10th Dist. Nos. 02AP–1072 and 03AP–242, 2003-Ohio-7154, 2003 WL 23024253, ¶ 19–20 (letter mailed directly to judge and not served on the other party could not be considered by the trial court as a motion for a continuance); and *Erie Ins. Co. v. Bell,* 4th Dist. No. 01CA12, 2002-Ohio-6139, 2002 WL 31520111, ¶ 26. Therefore, a court may not consider an answer that does not include a certificate of service and may grant default judgment against the defendant for failing to defend. *Discover Bank v. Schiefer,* 10th Dist. No. 09AP–1178, 2010-Ohio-2980, 2010 WL 2602005, ¶ 11–12; *Erie Ins. Co.* at ¶ 26; and *Schneller v. Patten* (June 11, 1987), 8th Dist. No. 52369, 1987 WL 12611 (court refused to treat pro se litigant's personal letters as an answer in light of defendant's failure to comply with Civ.R. 5, 8, 10, and 12).

{¶ 34} Appellant's letter in the record did not comply with Civ.R. 5, and therefore the trial court could not consider it as an answer to the complaint even though the court labeled it an answer upon filing. Nonetheless, we find plain error in rendering default judgment because CitiMortgage and the court could not simply disregard the letter.

{¶ 35} Civ.R. 55(A) requires that before a default judgment may be entered for failing to file an answer to the complaint, all parties who have "appeared in the action" must be "served with written notice of the application for judgment at least seven days prior to the hearing on such application." An appearance has been defined as an overt action by the party that clearly expresses an intention and purpose to defend the suit. *AMCA Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 91, 461 N.E.2d 1282; *Hyway Logistics Servs., Inc. v. Ashcraft* (Feb. 2, 2000), 3d Dist. No. 5–99–40, 2000 WL 123794. Filing an untimely answer can serve as an appearance. *Kime v. Dierksheide* (May 24, 1985), 6th Dist. No. WD–85–7, 1985 WL 7131. Filing a letter opposing the action and mailing a copy to opposing counsel has been sufficient to constitute an appearance. *Wood Cty. Furniture v. Baughman* (Aug. 5, 1983), 6th Dist. No. WD–83–17, 1983 WL 6909.

{¶ 36} We find that the letters in this case were sufficient to constitute an appearance in the action. Appellant made it clear in one of his letters that he intended to defend against CitiMortgage's action to foreclose the mortgage on his deceased parents' home. While the letter was not served upon CitiMortgage, parties are charged with the duty to keep themselves apprised of entries upon the docket and to monitor the progress of the suit. *Alborn v. Feeney* (Nov. 15, 2001),

8th Dist. No. 79408, 2001 WL 1474705, and *Ries Flooring Co., Inc. v. Dileno Constr. Co.* (1977), 53 Ohio App.2d 255, 259, 373 N.E.2d 1266. Had CitiMortgage consulted the record before filing the motion for default judgment, it would have seen appellant's "Answer" filed in the record.

{¶ 37} When a defendant has made an appearance but has not filed an answer, a motion for default judgment must be made in writing and served upon the defendant at least seven days prior to the hearing. Civ.R. 55(A). If the notice is not given, the default judgment must be reversed on appeal because the judgment is void for lack of due process. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 121, 502 N.E.2d 599; *AMCA Internatl. Corp.;* and *Skinner v. Leyland,* 167 Ohio App.3d 226, 2006-Ohio-3186, 854 N.E.2d 573, ¶ 16, citing *Plant Equip., Inc. v. Nationwide Control Serv., Inc.,* 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 1202, ¶ 14–15 (failure to give proper notice makes the judgment void, not voidable; therefore it can be attacked at any time, even collaterally in a Civ.R. 60(B) motion, and the party does not have to meet the requirements of Civ.R. 60(B)). Cf. *Aurora Loan Servs., L.L.C. v. Cart,* 11th Dist. No. 2010–A–0024, 2011-Ohio-2450, 2011 WL 2112511, ¶ 23; *Fenner v. Kinney,* 10th Dist. No. 02AP–749, 2003-Ohio-989, 2003 WL 758828, ¶ 17; and *Travelers Ins. Co. v. Haida* (June 29, 1978), 8th Dist. No. 37373, 1978 WL 217982 (which hold that the default judgment is merely voidable and may be vacated under Civ.R. 60(B)(1) or (5)).

{¶ 38} Accordingly, we find that the trial court erred as a matter of law by not considering appellant's letter as an appearance in the action and providing him with the due-process notice required by Civ.R. 55(A). Therefore, the default judgment entered against him is void ab initio, and the trial court erred by failing to grant appellant relief from that judgment. Appellant's second assignment of error is found well taken.

{¶ 39} Having found that the trial court did commit error prejudicial to appellant, we reverse the judgment of the Erie County Court of Common Pleas. This case is remanded to the trial court for further proceedings. CitiMortgage is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment reversed.

SINGER and YARBROUGH, JJ., concur.