**[Cite as *State v. Mills*, 2015-Ohio-393.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY


State of Ohio                                      Court of Appeals No. E-13-074

    Appellee                               Trial Court No. 2003 CR 0212

v.

Shad D. Mills                                     **DECISION AND JUDGMENT**

    Appellant                             Decided:  January 30, 2015

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, Assistant Prosecuting Attorney, for appellee.

Shad D. Mills, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Shad D. Mills, appeals the judgment of the Erie County Court of

Common Pleas denying his request to waive or dismiss court fees.  For the reasons that

follow, we affirm the judgment of the trial court.

{¶ 2} On May 6, 2004, appellant was sentenced to 15 years in prison and was ordered to pay the costs of prosecution. Appellant appealed, but did not raise the issue of court costs in his appeal. We remanded the case for resentencing. *See State v. Mills*, 6th Dist. Erie No. E-05-080, 2006-Ohio-5279.

{¶ 3} On December 13, 2006, appellant was resentenced, and was again ordered to pay the costs of prosecution. Appellant appealed, but again did not raise the issue of court costs. We affirmed. *See State v. Mills*, 6th Dist. Erie No. E-07-001, 2007-Ohio-5888.

{¶ 4} On September 6, 2013, appellant filed his objection to court costs, with the trial court, wherein he requested a waiver or dismissal of court fees. On November 4, 2013, the trial court denied appellant's motion to waive court costs. Appellant appealed.

{¶ 5} In his brief, appellant does not set forth any assignments of error. Rather, appellant argues court costs should be waived because the trial court was required to hold a hearing to determine whether he was able to pay court costs, and he never received a hearing. Appellant also claims the record contains no information that he could or would be able to produce income in the future. Appellant submits since he is indigent, court costs should be waived.

{¶ 6} App.R. 16(A)(3) requires an appellant include in its brief "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Appellant's pro se brief does not comply with the requirements of this rule. A pro se litigant is required to follow the same rules and

2.

procedures as attorneys.  (Citations omitted.)  *CitiMortgage, Inc. v. Bumphus*, 197 Ohio App.3d 68, 2011-Ohio-4858, 966 N.E.2d 278, ¶ 31 (6th Dist.).  However, a court may afford a pro se litigant reasonable leeway in the construction of pleadings in order to reach the merits of the action.  (Citations omitted.)  *Id.*  Despite the error in appellant's brief, we will address the merits of his appeal in the interest of justice.

**{¶ 7}** R.C. 2947.23(A)(1)(a) provides:

In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.

**{¶ 8}** Since costs are assessed at sentencing and are included in the sentencing entry, a defendant must move the trial court to waive payment of costs at the time of sentencing.  *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. "If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard.  Otherwise, the issue is waived and costs are res judicata." *Id.*

**{¶ 9}** Here, appellant did not move the trial court to waive court costs at the time of sentencing.  Instead, appellant's request was made years after he was sentenced. Appellant's request to waive or dismiss court fees is clearly barred by the doctrine of res judicata. *Threatt.  See also State v. Dalton*, 6th Dist. Williams No. WM-10-011,

3.

2011-Ohio-362, ¶ 10. Therefore, the arguments presented by appellant are moot and not well-taken.

{¶ 10} The judgment of the Erie County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
JUDGE

Arlene Singer, J.

_____
Stephen A. Yarbrough, P.J.      JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.