[Cite as *State v. Rickard*, 2016-Ohio-4755.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-16-1043

       Appellee                            Trial Court No. CR0199305845

v.

Joseph Rickard                              **DECISION AND JUDGMENT**

       Appellant                           Decided:  June 30, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Joseph Rickard, pro se.

* * * * *

**SINGER, J.**

{¶ 1} This is an accelerated appeal.  Appellant, Joseph Rickard, appeals the

February 5, 2016 denial of his motion to dismiss by the Lucas County Court of Common

Pleas.  We affirm the trial court's denial of the motion.

{¶ 2} Appellant's brief does not provide any assignments of error. Rather, appellant argues the trial court abused its discretion and violated his Fourteenth Amendment right to due process by denying his motion to dismiss for lack of subject-matter jurisdiction.

{¶ 3} App.R. 16(A)(3) requires an appellant include in its brief "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Appellant's pro se brief does not comply with the requirements of this rule. A pro se litigant is required to follow the same rules and procedures as attorneys. *CitiMortgage, Inc. v. Bumphus*, 197 Ohio App.3d 68, 2011-Ohio-4858, 966 N.E.2d 278, ¶ 31 (6th Dist.). However, a court may afford a pro se litigant reasonable leeway in the construction of pleadings in order to reach the merits of the action. *Id.* Despite the error in appellant's brief, we will address the merits of his appeal in the interest of justice.

{¶ 4} On April 29, 1993, appellant was indicted by the Lucas County Grand Jury for aggravated murder, in violation of R.C. 2903.01(B), and aggravated robbery, in violation of R.C. 2911.01. Appellant was found not guilty on both the aggravated murder and aggravated robbery charges, but was found guilty of the lesser included offense of murder. Appellant was sentenced to 15 years to life in prison on June 17, 1993.

{¶ 5} Appellant appealed his conviction, claiming it fell against the manifest weight of evidence. The judgment was affirmed on appeal. *State v. Rickard*, 6th Dist. Lucas No. L-93-205, 1994 WL 110830 (Mar. 31, 1994).

2.

{¶ 6} Appellant has filed two previous petitions for postconviction relief, which were both dismissed on res judicata grounds. *State v. Rickard*, 122 Ohio App.3d 185, 701 N.E.2d 437 (6th Dist.1997); *State v. Rickard*, No. 6th Dist. Lucas No. L-95-144, 1995 WL 738882 (Dec. 15, 1995).

{¶ 7} On May 5, 2008, appellant filed with this court an application to reopen the original appeal claiming his original counsel was ineffective because counsel failed to assert the unsigned indictment was faulty. The application was denied because appellant failed to establish good cause for the untimeliness in bringing forth the issue.

{¶ 8} On September 20, 2010, appellant filed with the trial court a motion to suspend his sentence due to the absence of the jury foreperson's signature on the indictment. This motion was denied on October 15, 2010.

{¶ 9} Most recently, on January 28, 2016, appellant filed with the trial court a motion to dismiss his sentence due to a lack of subject-matter jurisdiction. This motion was denied by the trial court both on the merits and because it was previously raised by appellant on May 5, 2008, and denied on appeal on August 14, 2008. Appellant timely appealed, arguing the trial court lacked subject-matter jurisdiction due to the absence of the jury foreperson's signature on the indictment.

{¶ 10} Pursuant to Crim.R. 6(C), the jury foreman "shall have power to administer oaths and affirmations and shall sign all indictments." Upon the concurrence of seven or more jurors, the indictment shall be signed by the foreman or deputy foreman then returned to a judge of the court to be filed with the clerk. Crim.R. 6(F).

3.

Notwithstanding, Ohio courts have regularly held that the absence of a grand jury foreperson's signature does not deprive the trial court of jurisdiction. *Chapman v. Jago*, 48 Ohio St.2d 51, 356 N.E.2d 721 (1976); *State v. Jones,* 6th Dist. Lucas No. L-09-1181, 2009-Ohio-6498, ¶ 14.

{¶ 11} A defendant's failure to challenge deficiencies in the indictment prior to trial constitutes a waiver of the issue. *Jones* at ¶ 15. In addition, issues which have been or could have been raised and fully litigated are barred from consideration in a postconviction proceeding by the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 12} Here, pursuant to *Chapman* and *Jones*, appellant's argument that the trial court lacked subject-matter jurisdiction due to the absence of a signature on the indictment is without merit. Furthermore, appellant waived this argument as he failed to challenge the sufficiency of the indictment prior to trial. Lastly, the lack of signature issue is barred by res judicata as appellant previously raised this issue and the issue was decided.

{¶ 13} Accordingly, appellant's argument is not well-taken and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                        JUDGE

Arlene Singer, J.         

                                        _____

Stephen A. Yarbrough, J.                                    JUDGE
CONCUR.

                                        _____
                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.