[Cite as *State v. Smith*, 2019-Ohio-1979.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DEMICO L. SMITH

    Appellant

C.A. No.     29241

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR-2011-12-3560-B

DECISION AND JOURNAL ENTRY

Dated: May 22, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, Demico Smith, appeals an order that denied his "Motion to Vacate Void Judgement [*sic*] for Lack of Subject Matter Jurisdiction." This Court affirms.

I.

{¶2} In 2013, Mr. Smith pleaded guilty to aggravated burglary in violation of R.C. 2911.11(A)(2); aggravated robbery in violation of R.C. 2911.01(A)(1), with an accompanying firearm specification; aggravated robbery in violation of R.C. 2911.01(A)(1); and kidnapping in violation of R.C. 2905.01(A)(1). On February 6, 2013, the trial court sentenced him to a total prison term of eight years. Mr. Smith did not file an appeal. On September 19, 2018, Mr. Smith filed a "Motion to Vacate Void Judgement [*sic*] for Lack of Subject Matter Jurisdiction," in which he argued that the prosecution of his criminal case never commenced in accordance with Crim.R. 6(F). The trial court denied his motion, and Mr. Smith filed this appeal. His two assignments of error are rearranged to facilitate disposition.

II.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [MR. SMITH'S] MOTION TO VACATE VOID JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION WHEN IT MISJUDGED [HIS] ARGUMENT THAT THE INDICTMENT WAS NEVER RETURNED TO A COMMON PLEAS COURT JUDGE AS AN ATTACK ON THE SUFFICIENCY OF THE INDICTMENT, THUS, DENYING HIS CHALLENGE ON SUBJECT MATTER JURISDICTION.

{¶3} Mr. Smith's first assignment of error argues that the trial court erred by denying his post-sentence motion. This Court disagrees.

{¶4} This Court must first consider the nature of the motion at issue in this appeal. R.C. 2953.21(A)(1)(a) provides:

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

Faced with an irregular motion, this Court may construe the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "A vaguely titled motion, including a motion to correct or vacate a judgment or sentence," may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when "(1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence." *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Because a defendant can file a petition for postconviction relief without pursuing a direct appeal, "[i]t

follows that when a motion claims a denial of constitutional rights, seeks recognition that the judgment is void, and requests that the judgment and sentence be vacated, the motion may be construed as a petition for postconviction relief regardless of whether the defendant pursued a direct appeal." *State v. Walker*, 9th Dist. Summit No. 29151, 2019-Ohio-605, ¶ 7.

{¶5} In his motion, Mr. Smith went to great lengths to emphasize that it should not be treated as a petition for postconviction relief. The manner in which a defendant captions or classifies a filing, however, is not controlling: the classification of a motion rests on the type of relief it seeks to obtain. *See State v. Fryer*, 5th Dist. Perry No. 18-CA-00005, 2018-Ohio-3024, ¶ 20 (observing that the caption of a pro se pleading "[did] not conclusively define the nature of the pleading."). *Compare Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 38, citing *State ex rel. Zupancic v. Limbach*, 58 Ohio St.3d 130, 132 (1991); *State v. Davidson*, 17 Ohio St.3d 132, 135 (1985); *Dept. of Natural Resources v. Ebbing*, 3d Dist. Mercer No. 10-13-24, 2015-Ohio-471, ¶ 83, fn. 17. Motions that raise similar arguments have been characterized by other courts as petitions for postconviction relief, and this Court agrees with that classification. *See Fryer* at ¶ 22-27; *State v. Barnette*, 7th Dist. Mahoning No. 17 MA 0027, 2017-Ohio-9074, ¶ 1, 7-9; *State v. Ali*, 8th Dist. Cuyahoga No. 105534, 2017-Ohio-6894, ¶ 4-6.[1] Although the trial court rejected Mr. Smith's motion without determining whether it should have been classified as a petition for postconviction relief, this Court concludes that it is properly treated as such. *See State v. Cline*, 2d Dist. Champaign No. 2013 CA 51, 2014-Ohio-4503, ¶ 7.

---

[1] Courts have also concluded that the alleged failure to comply with the requirements of Crim.R. 6(F) is unrelated to subject matter jurisdiction. *See State v. Rickard*, 6th Dist. Lucas No. L-16-1043, 2016-Ohio-4755, ¶ 11-12; *State v. Caldwell*, 9th Dist. Summit No. 27003, 2014-Ohio-1032, ¶ 8-10 (both concluding that the alleged lack of a signature by the grand jury foreman under Crim.R. 6(F) was not a matter of subject matter jurisdiction.).

{¶6} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. A trial court may only entertain an untimely petition if

> "the petitioner shows that [he] was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," or, subsequent to the period prescribed in Section 2953.21(A)(2), "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

(Alterations in original.) *State v. Wesson*, 9th Dist. Summit No. 28412, 2018-Ohio-834, ¶ 8, quoting R.C. 2953.23(A)(1)(a). A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b). A trial court does not have jurisdiction to hear an untimely petition for postconviction relief unless the requirements of R.C. 2953.23(A) are met. *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9.

{¶7} Mr. Smith's sentencing entry was dated February 6, 2013. He did not file a direct appeal, so under R.C. 2953.21(A)(2), he had until March 7, 2014, to petition for postconviction relief.[2] Mr. Smith filed his petition on September 19, 2018, more than four years after that deadline passed. He did not demonstrate by clear and convincing evidence that the requirements of R.C. 2953.23(A)(1) were met and, consequently, the trial court did not have jurisdiction to entertain his untimely petition. *See Daniel* at ¶ 9. Mr. Smith's second assignment of error is overruled.

---

[2] This Court notes that March 7, 2014, was a Saturday. *See generally* R.C. 1.14; Civ.R. 6(A).

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERR[ED] IN DENYING [MR. SMITH'S] MOTION TO VACATE VOID JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION WHEN IT DID NOT ACKNOWLEDGE OR CONSIDER [HIS] MOTION IN OPPOSITION TO THE STATE'S MEMORANDUM, IN VIOLATION OF THE DUE PROCESS CLAUSE AND EQUAL PROTECTION CLAUSE GROUNDED IN THE FOURTEENTH AMENDMENT.

{¶8}     Mr. Smith's first assignment of error argues that the trial court erred by denying his motion without giving due consideration to the reply brief that he filed in response to the State's brief in opposition.  The trial court did not have jurisdiction to consider his motion in the first instance because it was properly classified as an untimely petition for postconviction relief, so his first assignment of error is moot.  *See* App.R. 12(A)(1)(c).

III.

{¶9}     Mr. Smith's second assignment of error is overruled.  His first assignment of error is moot.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                                                      _____
                                                                                      LYNNE S. CALLAHAN
                                                                                      FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DEMICO L. SMITH, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting, Attorney, for Appellee.